707 A.2d 1068

HYMAN ZAMFT AND MANARD, L.L.C., PLAINTIFFS, v. GERALD R. CORNELL, ANTHONY ADAMO, STEPHEN LEVATINO AND G.A.S. HOLDINGS LIMITED, L.L.C., DEFENDANTS–APPELLANTS, AND NOWELL, AMOROSO & MATTIA, P.A., JEFFREY C. MASON AND RAY SAOUD FARMS, INC., DEFENDANTS.

NOWELL, AMOROSO & MATTIA, P.A., AND JEFFREY C. MASON, THIRD–PARTY PLAINTIFFS/RESPONDENTS, v. RAY SAOUD, INDIVIDUALLY AND SAOUD ENTERPRISES, INC., THIRD–PARTY DEFENDANTS/APPELLANTS, AND RAY SAOUD FARMS, INC. AND NORRIS, MCLAUGHLIN AND MARCUS, THIRD–PARTY DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued March 10, 1998—Decided April 7, 1998.

Before Judges LONG, STERN and KIMMELMAN.

*John J. Stern*, argued the cause for appellants Gerald R. Cornell, Anthony Adamo, Stephen Levatino and G.A.S. Holdings Limited, L.L.C. (*Stern, Berenbroick*, attorneys; *Mr. Stern*, of counsel; *Joanne Nowicki*, on the brief).

*Joseph C. Petriello*, argued the cause for appellants Ray Saoud and Saoud Enterprises, Inc.

*Evelyn R. Storch*, argued the cause for respondents (*Tompkins, McGuire & Wachenfeld*, attorneys; *Ms. Storch*, of counsel and on the brief ; *David M. Blackwell*, on the brief).

The opinion of the court was delivered by

KIMMELMAN, J.A.D.

We granted leave to appeal from two orders entered by the Law Division on June 3, 1997, (1) denying the motion by the third-party defendants Ray Saoud, Saoud Enterprises, Inc., and Ray Saoud Farms, Inc. ("the Saoud parties"), seeking leave to file an out-of-time affidavit of merit, pursuant to *N.J.S.A.* 2A:53A–27, and dismissing their counterclaim for legal malpractice against defendants and third-party plaintiffs Nowell, Amoroso & Mattia, P.A., and Jeffrey C. Mason ("the Nowell law firm" and "Mason"); and (2) granting Mason and the Nowell law firm's motion to dismiss the cross-claim for legal malpractice filed against it by co-defendants Gerald R. Cornell, Anthony Adamo, Stephen Levatino, and G.A.S. Holdings Limited ("the G.A.S. parties") for failure to file a

timely affidavit of merit. The appeals from each order have been consolidated for our review.

The issue on appeal is whether, under the facts of this case, the failure to file a timely affidavit of merit should have resulted in a dismissal of the legal malpractice causes of action either with or without prejudice. If the facts did not warrant a dismissal with prejudice, then leave to file an affidavit of merit *nunc pro tunc* should have been granted and the legal malpractice causes of action against Mason and the Nowell law firm should not have been dismissed. If, on the other hand, the facts warranted a dismissal with prejudice of the legal malpractice claims, then the orders entered by the Law Division must be affirmed. Under the Supreme Court's recent ruling in *Cornblatt v. Barow,* 153 *N.J.* 218, 246–47, 708 *A.*2d 401 (1998), we hold that the orders entered by the trial court should have been without prejudice.

I

By way of factual background, the Saoud parties owned a wholesale and retail produce and grocery business, together with the real estate on which the business was operated. The G.A.S. parties bought the business from the Saoud parties and entered into a lease of the real estate, which lease contained an option to purchase. Shortly thereafter, the G.A.S. parties gave notice of their intention to exercise the option. They also entered into an agreement to sell the business to plaintiffs Hyman Zamft and Manard, L.L.C. ("Zamft"). The G.A.S. parties were represented in the transaction by Mason, an attorney associated with the Nowell law firm.

The completion of the sale to plaintiffs was contingent upon the ability of the G.A.S. parties to deliver the business free and clear of liens. At the closing of the transaction, plaintiffs deposited with Mason the sum of $350,000, which was to be held in escrow until all conditions of the sale were met. It is alleged that Mason

released the escrow funds before all of those conditions were met, causing the main transaction between the parties to founder.

Plaintiffs instituted this action in the Chancery Division against the G.A.S. parties for specific performance and damages, and against Mason and the Nowell law firm for damages. Temporary relief was sought for the restoration of the escrow funds or the posting of cash or a bond in the amount of $350,000. After oral argument, the court ordered the posting of cash or a bond in that amount. The cash was posted in escrow.

On January 11, 1996, the G.A.S. parties, represented by new counsel, answered plaintiffs' complaint, counterclaimed for specific performance, and cross-claimed against Mason and the Nowell law firm, seeking damages for their alleged legal malpractice.

On February 12, 1996, Mason and the Nowell law firm answered the malpractice cross-claim of the G.A.S. parties and filed a third-party complaint against the Saoud parties, alleging that they had been unjustly enriched because they had received the bulk of the escrow funds. For some reason not apparent in the record, it was not until May 6, 1996, that the answer to the legal malpractice claim was served on the G.A.S. parties.

On July 9, 1996, following an extension of time within which to file a responsive pleading, the Saoud parties answered the third-party complaint and counterclaimed against Mason and the Nowell law firm, seeking damages for legal malpractice. On August 7, 1996, Mason and the Nowell law firm filed an answer to the Saoud parties' counterclaim.

II

At this point, it is significant to consider the time frames surrounding the initial pleadings as the scenario of this case developed. By order dated March 4, 1996, the Chancery Division judge referred the entire matter to mediation, pursuant to *R.* 1:40–4(a), and ordered that: "Discovery and other proceedings shall be stayed until completion of the mediation (unless the

parties agree otherwise)...." We observe that, notwithstanding the mediation standstill order, the parties continued with the preparation and filing of certain pleadings; including those pertaining to the Saoud parties' legal malpractice claim.

In June 1996, all parties, with the exception of Mason and the Nowell law firm, resolved their claims with the help of the mediator. All claims against Mason and the Nowell law firm survived. The court was so notified, and by order entered October 31, 1996, the unresolved matters were transferred to the Law Division for resolution of the damages issues.

Following several case management conferences at which counsel to all parties agreed that a set of new pleadings was in order, the Law Division confirmed counsels' understanding and entered an order on February 21, 1997, directing that: (1) the G.A.S. parties shall have leave, within thirty days, to file and serve amended pleadings; (2) that Mason and the Nowell law firm, within thirty days of receipt of the amended pleadings, shall file and serve their answers and any amended counterclaims, cross-claims, or third-party complaints, and; (3) that the parties, within twenty days of the receipt of an amended third-party complaint, counterclaims, or cross-claims shall serve their answers thereto. Annexed to this order was the signed consent of all counsel as to form and entry.

### III

Substantially within the time limits prescribed by the February 21, 1997, re-pleading order, the G.A.S. and Saoud parties served amended pleadings which reiterated their legal malpractice claims.

On April 21, 1997, before Mason and the Nowell law firm had asserted any defense based upon the earlier non-compliance with *N.J.S.A.* 2A:53A–27, the G.A.S. parties, later joined by the Saoud parties, made application to permit the filing, *nunc pro tunc*, of an affidavit of merit. The court was urged to consider that, since the matter had been stayed when the reference to mediation was ordered, the amended pleadings ordered by the Law Division on

February 21, 1997, should be the pleadings triggering the operation of *N.J.S.A.* 2A:53A–27. In the alternative, it was urged that the filing, *nunc pro tunc,* of an affidavit of merit relating back to the time frames of the original pleadings, when the case was before the mediator, should be allowed.

Mason and the Nowell law firm then cross-moved for judgment dismissing all legal malpractice claims against them by reason of the earlier non-compliance with the provisions of *N.J.S.A.* 2A:53A–27. It was asserted that no affidavits of merit had been filed in response to Mason and the Nowell law firm's answers to the initial legal malpractice claims, notwithstanding the fact that such pleadings and the answers thereto were filed during the time when the mediation order had placed a stay on all proceedings. It was argued that the trial court was without jurisdiction to extend the time for the filing of an affidavit of merit beyond the sixty plus sixty days allowed by the statute.

We gather from the remarks of the trial judge that he did not regard the March 4, 1996, mediation order as effecting a complete time-out, nor did he regard his order of February 21, 1997, which directed that all pleadings be updated, refiled, and served, as triggering new dates for the filing of affidavits of merit. Rather, the trial court read *N.J.S.A.* 2A:53A–27 to preclude its granting permission for the filing of an affidavit of merit *nunc pro tunc* once the initial sixty days plus the good faith extension of sixty additional days had expired. Consequently, the legal malpractice cross-claim of the G.A.S. parties and the legal malpractice counterclaim of the Saoud parties were dismissed. As indicated, we granted leave to appeal.

IV

The orders entered June 3, 1997, dismissing the legal malpractice cross-claim and counterclaim "for failure to satisfy the requirements of *N.J.S.A.* 2A:53A–27" did not specify whether the dismissal of the claims was with or without prejudice.

The Supreme Court's recent decision in *Cornblatt* holds that a dismissal for failure to comply with the procedural requirements of the statute should be with prejudice unless there are "extraordinary circumstances." *Cornblatt, supra,* 153 *N.J.* at 243, 247, 708 *A.*2d 401 (adopting the reasoning of *Hartsfield v. Fantini,* 149 *N.J.* 611, 615–19, 695 *A.*2d 259 (1997)). Courts are required to enter into a fact-sensitive inquiry in order to determine whether "extraordinary circumstances" exist so as to relax the so-many-day filing requirement of a rule or statute. *Hartsfield, supra,* 149 *N.J.* at 618–19, 695 *A.*2d 259. Carelessness, lack of circumspection, or lack of diligence on the part of counsel are not extraordinary circumstances which will excuse missing a filing deadline. *Ibid.* The same standard is used in cases involving the Tort Claims Act. *N.J.S.A.* 59:8–9 does not define the kind of "extraordinary circumstances" which will excuse the failure to file a notice of tort claim within the ninety-day statutory period. Case law makes it clear that ignorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline, although an incapacitating physical condition will constitute an extraordinary circumstance. *O'Neill v. City of Newark,* 304 *N.J.Super.* 543, 553, 701 *A.*2d 717 (App.Div.1997) (citing *Escalante v. Township of Cinnaminson,* 283 *N.J.Super.* 244, 250, 661 *A.*2d 837 (App.Div.1995)); *Ohlweiler v. Township of Chatham,* 290 *N.J.Super.* 399, 405, 675 *A.*2d 1176 (App.Div.1996).

We are satisfied, for the reasons hereinafter expressed, that the circumstances of this case are extraordinary and warrant only a dismissal without prejudice.

The legislative intent in enacting the affidavit of merit statute was to curtail the filing of frivolous malpractice actions. The expressed purpose of the statute was "to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." *In re Petition of Hall,* 147 *N.J.* 379, 391, 688 *A.*2d 81 (1997). Under the facts here presented, we are hard-pressed to find that the original failure to

file a timely affidavit of merit by the G.A.S. and Saoud parties evinced a knowing intent to disregard and thereby thwart the sound purpose of the statute.

Unlike *Cornblatt,* here there was no demand in a responsive pleading at the trial level that an affidavit of merit be filed, and there was no case management order by the trial court requiring the filing of an affidavit of merit. *Cornblatt, supra,* 153 *N.J.* at 225–26, 708 *A.*2d 401.

In response to the earlier set of pleadings, Mason and the Nowell law firm filed and served an answer to the G.A.S. parties' legal malpractice cross-claim on or about February 13, 1996. By April 13, 1996, an affidavit of merit would have been due from the G.A.S. parties. However, by that point in time, the April 4, 1996, order of mediation had been entered, staying further proceedings.

Mason and the Nowell law firm filed and served an answer to the Saoud parties' legal malpractice counterclaim on or about October 7, 1996. By December 7, 1996, the affidavit of merit would have been due from the Saoud parties. However, by that point in time, the mediation proceedings had been concluded, and by order entered October 31, 1996, the remaining issues in the matter had already been transferred to the Law Division. Within the sixty-day statutory grace period, there was a letter dated December 17, 1996, from counsel for Mason and the Lowell law firm, copied to all other counsel, which indicated that the parties had already agreed that a new set of pleadings was in order in this matter.

We need not decide whether the April 4, 1996, mediation order tolled the sixty-day filing requirement of *N.J.S.A.* 2A:53A–27, although it would appear that there is inherent judicial power to do so. *White v. Violent Crimes Compensation Board,* 76 *N.J.* 368, 379, 388 *A.*2d 206 (1978). Neither is it necessary for us to reach the highly plausible conclusion that the agreement of all counsel to file new pleadings tolled the running of the statute as to the initial pleadings and established a new sixty-day window for the filing of

affidavits of merit, to run from the time the updated answers of Mason and the Nowell law firm were filed.

A consideration of all of the interlocking circumstances leads us to conclude that extraordinary circumstances existed in this case which excuse the untimely filing of the affidavits of merit in response to the original pleadings. Thus, the dismissal orders of June 3, 1997, should have been entered without prejudice. *Cornblatt, supra*, 153 *N.J.* at 247, 708 *A.2d* 401. The time-out implied by the mediation order was sufficient grounds to excuse the failure to timely file the affidavits of merit. The agreement of all counsel to update and refile pleadings seems to have confirmed the time-out, bringing the sixty-day window of the statute to bear upon the new pleadings. In short, we cannot find that the non-timely compliance with the statute in response to the first set of pleadings by the G.A.S. and Saoud parties was a knowing attempt to disregard the purposes of the statute. Extraordinary circumstances clearly existed which explain and excuse the failure to comply with the statute.

Accordingly, we hold that the June 3, 1997, orders should have been entered without prejudice. To insure a measure of efficiency in this case, it will not be necessary to recommence proceedings anew. The second set of updated pleadings accomplish that purpose. All that we perceive to be necessary is that the running of the sixty-day rule under *N.J.S.A.* 2A:53A–27 commence with the date of this opinion.

Reversed.