741 A.2d 649 (1999)
326 N.J. Super. 462
Denise L. BURNS and Matthew Burns, Plaintiffs-Appellants,
v.
Mark L. BELAFSKY, M.D., Robert B. Belafsky, M.D., Belafsky & Belafsky, M.D., P.A., Ira Stark, D.O., and South Jersey Imaging Center, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued telephonically October 19, 1999.
Decided December 20, 1999.
*650 John J. Del Casale, Philadelphia, PA, for plaintiffs-appellants (M. Mark Mendel, attorney; Mr. Del Casale, on the brief).
Mary Elizabeth Gazi, Cranford, for defendants-respondents Mark L. Belafsky, M.D., Robert Belafsky, M.D. and Belafsky & Belafsky, P.A. (Thomas B. Leyhane, attorney; Ms. Gazi, on the brief).
Steven M. Horn, Pleasantville, for defendant-respondent Ira Stark, D.O. (Paarz, Master, Koernig, Crammer, O'Brien, Bishop & Horn, attorneys; Mary Ann C. O'Brien, on the brief).
Before Judges HAVEY, RODRIGUEZ and LINTNER.
The opinion of the court was delivered by LINTNER, J.S.C. (temporarily assigned).
The central issue posed by this appeal is whether the Affidavit of Merit statute, N.J.S.A. 2A:53A-27, requires a party seeking *651 an extension of time to file a motion during the initial sixty day period. We hold that there is no such limitation, and that a motion to extend may be made within 120 days.
In December 1995, plaintiff, Denise L. Burns, began experiencing pain in the left side of her face. Her family doctor referred her to defendants, Drs. Mark L. and Robert B. Belafsky, who in turn referred her to defendants, Dr. Ira Stark and South Jersey Imaging Associates P.A., on or about December 22, 1995, for various radiological studies including a CT scan, MRI and MRA of the neck. Dr. Stark reviewed the radiological studies and determined that plaintiff was suffering from a soft tissue mass in the left side of her neck situated in the left parapharyngeal space.
On or about December 29, 1995, as an office procedure, Dr. Mark Belafsky[1] attempted a needle aspiration of a parapharyngeal mass in plaintiff's neck, the results of which were inconclusive. On January 5, 1996, Dr. Mark Belafsky attempted a direct laryngoscopy, left cervical node biopsy, and fine needle aspiration of the mass, and again the results were inconclusive. Thereafter, plaintiff was admitted to Rancocas Hospital on January 24, 1996, where Dr. Mark Belafsky and Dr. Robert Belafsky performed additional procedures, in an attempt to remove the mass. Plaintiffs contend that, as a result of these procedures, Mrs. Burns suffered paralysis of the 9th, 10th and 12th cranial nerves, as well as other permanent damage to her head, neck, throat and vocal cords.
On April 1, 1996, Mrs. Burns underwent a pre-operative work up at Wills Eye Hospital and thereafter, on April 2, 1996, was admitted to Pennsylvania Hospital, where a benign left glomus vagale tumor was removed by Drs. Rosenwasser, Keane and Rosen. Subsequent to the surgery, plaintiffs submitted all medical records to Dr. Michael Salcman, a neurosurgeon. Dr. Salcman completed a report, dated June 6, 1997, in which he opined that defendants Belafsky and Stark deviated from accepted medical standards with respect to their diagnosis, treatment and care of plaintiff.
Mr. and Mrs. Burns instituted this medical malpractice action by filing a complaint against the Drs. Belafsky and Stark on October 6, 1997. Dr. Stark filed an answer on December 18, 1997, and Drs. Belafsky filed their answer on December 29, 1997. Although plaintiffs' counsel had Dr. Salcman's report in his possession since June 1997, he admits that, through inadvertence, he failed to obtain and file an Affidavit of Merit from Dr. Salcman as required by N.J.S.A. 2A:53A-27 within the sixty day period following the filing of Dr. Stark's and Drs. Belafsky's answers. On March 4, 1998, a motion to dismiss the complaint for failure to file the required Affidavit of Merit was filed on behalf of Dr. Stark. On March 23, 1998, during the pendency of Dr. Stark's motion to dismiss, plaintiffs filed Dr. Salcman's Affidavit of Merit incorporating his report of June 6, 1997. Plaintiffs' counsel also filed a response brief which, in part, argued that the March 23 filing was in compliance with the sixty day extension provisions of the statute. The Affidavit of Merit was filed thirty-five days late with regard to Dr. Stark and twenty-five days late with respect to Drs. Belafsky. Dr. Stark's counsel responded that the Affidavit of Merit filed by plaintiffs was out of time, plaintiffs had not filed a motion to extend the time for an additional sixty day period within the first sixty day period, plaintiffs could not establish good cause required to obtain a sixty day extension, and Dr. Salcman was not appropriately licensed, as required by the statute, to give an opinion regarding radiology.
*652 At a hearing held on April 3, 1998, the motion judge indicated he would delay ruling on the motion until counsel and the court had an opportunity to review the recently released Supreme Court decision in Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 708 A.2d 401 (1998). On May 1, 1998, the judge entered an order dismissing plaintiffs' claims as to Dr. Stark, concluding that plaintiffs had failed to comply with the Affidavit of Merit statute. In reaching his conclusion the judge said:
I am entirely satisfied that the statute is clear and unequivocal, unambiguous, that an affidavit of merit has to be filed within 60 days of the filing of the answer. That if it is not, then an application has to be made within that 60 days [sic] period to extend for another 60 days. Even in the absence of that, there is no indication here of good cause as to why the affidavit of merit was filed without the 60 day period, that is outside the initial 60 day period.
The motion judge never reached a determination of whether plaintiffs' expert was appropriately licenced to render an opinion. On June 22, 1998, defendants Drs. Belafsky filed their motion to dismiss plaintiffs' complaint for failure to comply with the Affidavit of Merit statute. In a response motion, plaintiffs argued that they substantially complied with the statute and Drs. Belafsky were barred by the doctrines of waiver, laches, and estoppel from moving to dismiss at that time. In support of their argument plaintiffs contended Drs. Belafsky: (1) failed to demand an Affidavit of Merit in its answer; and (2) knew about the late filing of the affidavit because of Dr. Stark's March 7, 1998, motion to dismiss. As a result of their delay in moving to dismiss, plaintiffs maintained that they relied upon Drs. Belafsky's silence and continued to move forward with their claims, incurring expenses.
Drs. Belafsky's counsel countered, contending he never received Dr. Stark's motion to dismiss, pointing out that he was omitted from the motion's counsel list. Moreover, defense counsel argued he did not learn of the motion to dismiss until he received the court's May 1, 1998, order dismissing the complaint against Dr. Stark. The motion judge again found plaintiffs had failed to comply with the sixty day requirement of the statute and, accordingly, entered an order dismissing plaintiffs' claims with prejudice for failure to state a cause of action.
On appeal, plaintiffs contend that their late service of the Affidavit of Merit should be excused in accordance with the doctrine of substantial compliance. We disagree. The doctrine of substantial compliance was invoked by our Supreme Court in Cornblatt, supra, 153 N.J. at 218, 708 A.2d 401, to justify adequate notice under the Affidavit of Merit statute where a certification was used in lieu of an affidavit. The Supreme Court set forth the requisite circumstances justifying invocation of the substantial compliance doctrine including "at the very least the timely filing of a certification otherwise complying with all the specifications for an Affidavit of Merit; an adequate and reasonable justification and a convincing explanation of just cause and excusable neglect for submitting a certification rather than an affidavit...." Id. at 240, 708 A.2d 401 (emphasis added).
In order to constitute "excusable neglect" a mistake must be honest such that it is "compatible with proper diligence." Baumann v. Marinaro, 95 N.J. 380, 394, 471 A.2d 395 (1984). Failure on the part of an attorney through mere inadvertence or lack of proper diligence is insufficient. Ibid. Plaintiffs' counsel has admitted that his failure to file an Affidavit of Merit within the initial sixty day period was inadvertent. As such, absent a convincing explanation of both just cause and excusable neglect, plaintiffs cannot invoke substantial compliance to avoid counsel's failure to file a timely Affidavit of Merit.
At oral argument before us, plaintiffs' counsel urged that the dismissal should have been without prejudice because there *653 exists extraordinary circumstances to justify a relaxation of the statutory requirement of dismissal with prejudice. Counsel argued that the Legislative intent was to prevent the filing of meritless malpractice claims and not to impose a statute of limitations. Counsel further reasoned that extraordinary circumstances existed to justify a relaxation of the required dismissal with prejudice because Dr. Salcman's report, which was served within the 120 day period for which an extension could have been given, clearly showed that plaintiffs' claim was meritorious. Again we disagree.
In Cornblatt, supra, 153 N.J. at 242, 708 A.2d 401, the Supreme Court held that a dismissal for failure to comply with the procedural requirements of N.J.S.A. 2A:53A-27 should be with prejudice, unless extraordinary circumstances exist, in which case the dismissal is without prejudice. In Hyman Zamft and Manard v. Cornell, 309 N.J.Super. 586, 593, 707 A.2d 1068 (App.Div.1998), we pointed out that a court is required to enter into a fact-sensitive analysis to determine whether extraordinary circumstances exist to permit relaxation of the required dismissal with prejudice. We indicated in Hyman Zamft, that the same standard applies when considering the existence of extraordinary circumstances as that required by the late notice of claim provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:8-9. Ibid. Accordingly, we concluded that "[c]arelessness, lack of circumspection, or lack of diligence on the part of counsel are not extraordinary circumstances which will excuse missing a filing deadline." Ibid. Given the fact that the failure here to comply with the statutory requirements was the result of lack of diligence on the part of counsel, plaintiffs cannot rely on the existence of extraordinary circumstances to avoid the statutory requirements. See also Flagg v. Township of Hazlet, 321 N.J.Super. 256, 258-59, 728 A.2d 847 (App.Div.1999); Rivera v. Atlantic Coast Rehabilitation & Health Care Ctr., 321 N.J.Super. 340, 347-48, 729 A.2d 42 (App.Div.1999).
The lack of a factual record establishing "substantial compliance" and "extraordinary circumstances" does not end our inquiry. N.J.S.A. 2A:53A-27 provides in pertinent part that, "[t]he court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause." Plaintiffs dispute the judge's determination that the motion to extend must be filed during the initial sixty day period. The statute is silent as to when a motion to extend must be filed.
We conclude that the reason enunciated by the motion judge in his denial of plaintiffs' motion to extend was flawed. Dr. Salcman's report and affidavit were filed and served upon defendants within 120 days of the filing of their answers. From a timeliness standpoint, the affidavit should have been treated as filed as of March 23, 1998; the argument on the motion having been held subsequent to the time of the actual filing. Our Supreme Court has held that, from a statute of limitations time of filing point of view, an amended complaint filed out of time naming new defendants who had been previously named in a third party complaint filed within time relates back to the time of the filing of the third party complaint. Lawlor v. Cloverleaf Mem. Park, Inc., 56 N.J. 326, 343, 266 A.2d 569 (1970); see also Ioannou v. Ivy Hill Park Section Four, Inc., 112 N.J.Super. 28, 32-33, 270 A.2d 295 (Law Div.1970). Thus, the motion judge's emphasis should have been on the issue of "good cause," not on the failure of the plaintiff to file a motion to extend within the initial sixty day period.
While carelessness and inadvertence on the part of an attorney is insufficient grounds for the establishment of excusable neglect, such is not necessarily the case when it comes to a determination of whether good cause exists to excuse late filings. In Martindell v. Martindell, 21 *654 N.J. 341, 122 A.2d 352 (1956), our Supreme Court dealt with the issue of good cause in determining whether or not to excuse an attorney's inadvertent failure to file a notice of appeal within the time period required by the rules. Notwithstanding the general proposition that a litigant is bound by the mistakes of his or her attorney, the Supreme Court in Martindell held that inadvertence of counsel may justly be deemed to constitute good cause where the delay does not prejudice the adverse party and a rational application under the circumstances present favors a determination that provides justice to the litigant. Id. at 349, 122 A.2d 352. Absent demonstrable prejudice, "it is neither necessary nor proper to visit the sins of the attorney upon his blameless client." Jansson v. Fairleigh Dickinson Univ., 198 N.J.Super. 190, 196, 486 A.2d 920 (App.Div.1985); see also Parker v. Marcus, 281 N.J.Super. 589, 594, 658 A.2d 1326 (App.Div.1995).
A review of the record fails to indicate that the defendants suffered any demonstrable prejudice by counsel's twenty-five to thirty-five day delay in filing. It is necessary to look at the overall purpose of the statute to determine whether good cause exists to justify an extension of time thereby excusing counsel's failure to file the Affidavit of Merit within the initial sixty day period. The overall purpose of the Affidavit of Merit statute is "to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." In re Petition of Hall, 147 N.J. 379, 391, 688 A.2d 81 (1997) (citing Peter Verniero, Chief Counsel to the Governor, Report to the Governor on the Subject of Tort Reform (Sept. 13, 1994)).
Given the stated purpose of the statute is to prevent the filing of meritless claims, it follows that the sixty day filing requirement is not intended to establish a period of limitation beyond which claims should be barred. Inadvertence of counsel would not qualify as good cause to excuse a failure to file within the period set by a statute of limitations, as it would thwart the expressed purpose of the statute. A statute of limitations has the primary purpose of eliminating stale claims by setting forth a time beyond which a claim cannot be brought. Union City Housing Auth. v. Commonwealth Trust Co., 25 N.J. 330, 335, 136 A.2d 401 (1957). Such is not the case with the Affidavit of Merit statute.
Here, counsel's neglect qualifies as good cause thereby establishing the right to an extension because the affidavit filed sets forth a "threshold showing" of malpractice and was filed within the extension time period permitted by the statute. To hold otherwise would be contrary to the stated purpose of the statute and unfairly punish a litigant for the mistake of counsel. We therefore hold that plaintiffs have established good cause and the time that plaintiffs filed Dr. Salcman's Affidavit of Merit relates back to March 23, 1995, notwithstanding the failure of counsel to move for an extension during the initial sixty day period.
Finally, Dr. Stark contends that plaintiffs' affiant, a neurosurgeon, was not qualified to evaluate a radiologist. The motion judge found it unnecessary to rule on the issue of Dr. Salcman, in light of his ruling on plaintiffs' failure to file within the initial sixty day period. In order to complete our review of the matter before us, we find it necessary to make the following observations. R. 2:10-5.
The Supreme Court determined in Cornblatt, supra, 153 N.J. at 242, 708 A.2d 401, that a description of an affiant's qualifications need not be included in the body of the affidavit so long as they are presented in conjunction with it in such a way that the defendant has the opportunity for review. In Wacht v. Farooqui, 312 N.J.Super. 184, 188, 711 A.2d 405 (App.Div.1998), we held that an orthopedic surgeon was qualified to submit an Affidavit of Merit regarding the conduct of a board certified radiologist, where his curriculum vitae included *655 citations to scientific papers he had authored dealing with various radiological diagnosis imaging techniques. It seems unlikely that a neurosurgeon would not be qualified to discuss various radiological diagnosis techniques, given the need to locate the area and determine the type of surgical intervention needed. The bibliography section of Dr. Salcman's curriculum vitae demonstrates at least three papers authored by him dealing with CT, MRI and radiological diagnosis techniques. We hold that Dr. Salcman has established his qualifications and the Affidavit of Merit submitted with plaintiffs' motion papers on March 23, 1998, complies with N.J.S.A. 2A:53A-27.
Reversed and remanded for further proceedings.
RODRIGUEZ, A.A., J.A.D. concurring.
I concur that, under the circumstances presented here, plaintiffs' complaint should not be dismissed on the grounds of untimeliness in filing the affidavit of merit or the motion for a sixty-day extension pursuant to N.J.S.A. 2A:53A-27. However, I express no view on the challenge to Dr. Michael Salcman's (plaintiffs' affiant) qualifications to evaluate the allegation of malpractice against Dr. Ira Stark. That issue was not addressed by the trial judge based on the ruling on the timeliness issue. I disagree that pursuant to R. 2:10-5 we should exercise original jurisdiction to decide this issue. Such exercise of original jurisdiction and a concomitant factual finding on Dr. Salcman's qualification to execute the affidavit of merit are not "necessary to the complete determination of [the] matter on review." R. 2:10-5. I would leave that fact finding to the trial judge.
NOTES
[1] Although not in appellate briefs, plaintiffs' complaint specified which Belafsky defendant performed specific procedures.