742 A.2d 1002 (2000)
327 N.J. Super. 158
Michelle PALANQUE, Plaintiff-Appellant,
v.
Margaret LAMBERT-WOOLLEY, M.D., Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 15, 1999.
Decided January 5, 2000.
Shebell & Shebell, for appellant (Thomas F. Shebell, III, Oakhurst, on the brief).
Grossman, Kruttschnitt, Heavey & Jacob, attorneys (Richard A. Grossman, Brick, on the brief).
Before Judges STERN, WEFING and STEINBERG.
The opinion of the court was delivered by STERN, P.J.A.D.
This is an appeal from an order entered on December 4, 1998, dismissing "with prejudice" plaintiff's complaint against defendant "for failure to comply with N.J.S.A. 2A:53A-26," the "Affidavit of Merit" statute.[1] On this appeal, plaintiff contends that the dismissal was inappropriate, particularly as it was entered "with prejudice," because she had the expert's report before filing her medical malpractice complaint and, in any event, did not need an expert's report given the nature of the claim.
It is alleged, and we must accept as true given the pretrial dismissal and the expert report, that defendant misread a laboratory report and read the specimen identification numbers as the results of the blood tests. Therefore, according to the expert, "[w]ith reasonable medical certainty the misreading as positive of the pregnancy tests [led] to the incorrect diagnosis of ectopic pregnancy," and "[t]his deviation led to the performance of surgery which was not needed." According to plaintiff, she had the report before filing the complaint *1003 and submitted the affidavit of merit before the statute of limitations ran. In any event, as already noted, plaintiff also asserts that an affidavit of merit was not needed because this was the type of malpractice case which could be "proven without the need for expert opinion as to a standard of care or deviation because a jury can reasonably infer that the harm would not have occurred but for the defendant's misreading of the report."
Judge Patrick McGann dismissed the case because the affidavit was received by defendant "far after the maximum 120 day period that is specified under the affidavit of merit statute." Plaintiff appeals contending, as noted, that an affidavit of merit was not required because she obtained
a report from an expert prior to instituting suit, and thereafter obtain[ed] an affidavit of merit prior to the running of the statute of limitations, demonstrat[ing] that the action was not frivolous and was filed in good faith, so that even if dismissal was appropriate, the circumstances taken in their totality are so extraordinary as to have required that dismissal be without prejudice.
Plaintiff cites Barreiro v. Morais, 318 N.J.Super. 461, 723 A.2d 1244 (App.Div. 1999), and Hyman Zamft & Manard, L.L.C. v. Cornell, 309 N.J.Super. 586, 707 A.2d 1068 (App.Div.1998), for the proposition that there should be a "fact sensitive analysis" concerning application of an exception to the Cornblatt requirement that the dismissal be "with prejudice." See Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 242-47, 708 A.2d 401 (1998).
Defendant contends that the dismissal "with prejudice" should be affirmed because the affidavit of merit was not served within 60 days (or even 120 days) of the answer as required by statute.[2] She further submits that the "extraordinary circumstances [exception permitted by case law] have to do with either the intransigence of defendants in supplying needed medical records, or lulling [plaintiffs] into believing that the records are forthcoming," which does not apply here, see also N.J.S.A. 2A:53A-28, and that the statute does not provide for an exception to the filing of an affidavit of merit for any type of malpractice case. Finally, she argues that "an affidavit of merit is required to be filed and served by a plaintiff in every case involving an allegation of negligence against a professional licensed defendant." Defendant therefore takes issue with Janelli v. Keeper, 317 N.J.Super. 309, 313, 721 A.2d 1036 (Law Div. 1998), which "concludes that in a res ipsa loquitur or common knowledge case where expert testimony will not be utilized and is not required at trial, the affidavit of merit statute does not apply." N.J.S.A. 2A:53A-27 provides: Affidavit required in certain actions against licensed persons
In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the *1004 care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.
For purposes of this appeal, we will assume, without deciding, that no affidavit is required where expert testimony is not required and the malpractice can be established as a matter of common sense. See Levinson v. D'Alfonso & Stein, 320 N.J.Super. 312, 321, 727 A.2d 87 (App.Div. 1999) (Wecker, J.A.D., concurring). However, even under that rationale, an affidavit must be served within the sixty-day period unless the proofs would permit application of the common sense or common knowledge exception to the need for expert testimony. Here, however, some expert proof would be required to explain that the surgery was not medically necessary and to explain the impact of the misreading of the laboratory report in this regard.[3] Plaintiff does not explain how she would actually present admissible evidence of malpractice or professional negligence. Nor does she explain how she would survive a motion at the end of her case in the absence of such testimony.[4]
Moreover, the fact plaintiff had an expert report in her possession before filing suit does not satisfy the statute. No affidavit was presented "within 60 days following the date of filing of the answer to the complaint by the defendant" or even within 60 days thereafter. Nor was any notice given within that time period to the effect that plaintiff thought no affidavit was required. As intermediate appellate judges, we cannot carve out an exception to the Cornblatt "with prejudice" requirement because plaintiff had an expert report in her possession. The statute requires that the plaintiff furnish an "affidavit of merit" in a timely fashion.[5]
*1005 The Supreme Court in Cornblatt made clear that the plaintiff's failure to comply with the statute's procedural requirement requires dismissal of the complaint with prejudice:
We have recognized that when a plaintiff fails to comply with a statute that creates a cause of action with both substantive and procedural requirements, consistent with imputed legislative intent, a dismissal for failure to comply with procedural requirements should be with prejudice unless there are "extraordinary circumstances." In Hartsfield v. Fantini, 149 N.J. 611, 695 A.2d 259 (1997), and the companion case Wallace v. JFK Hartwyck at Oak Tree, Inc., 149 N.J. 605, 695 A.2d 257 (1997), the Court considered a statute mandating automobile arbitration, N.J.S.A. 39:6A-24 to -35, that required that a motion for a trial de novo be filed within thirty days and that the failure to file within that time period would result in dismissal of any future court actions. Hartsfield, supra, 149 N.J. at 615, 695 A.2d 259. The Court held that, despite the language of the statute, a late motion would be permitted if the failure to file within thirty days was due to "extraordinary circumstances." Id. at 618, 695 A.2d 259.
We perceive no basis for not imputing a similar legislative intent in the enactment of the Affidavit of Merit Bill. We conclude that a dismissal under the statute based on a violation of the affidavit requirement would be without prejudice only if there are extraordinary circumstances. Absent extraordinary circumstances, a failure to comply with the statute that requires a dismissal would be with prejudice.
[Cornblatt, supra, 153 N.J. at 246-47, 708 A.2d 401.]
Moreover, in the Hartsfield and Wallace cases cited in Cornblatt, an attorney's "mere carelessness" or "lack of proper diligence" in failing to meet the time limit could not be deemed "extraordinary circumstances." Wallace, supra, 149 N.J. at 607, 695 A.2d 257. See also Burns v. Belafsky, 326 N.J.Super. 462, 741 A.2d 649 (App.Div.1999) ("[g]iven the fact that the failure here to comply with the statutory requirements was the result of lack of diligence on the part of counsel, plaintiffs cannot rely on the existence of extraordinary circumstances to avoid the statutory requirements" even though plaintiffs possessed an expert report before filing their complaint; in Burns the dismissal was reversed, however, because the expert's report and affidavit were served on defendants within 120 days of their answer). We add that, pursuant to N.J.S.A. 2A:53A-29, the failure "to provide an affidavit or a statement in lieu thereof," pursuant to N.J.S.A. 2A:53A-27, "shall be deemed a failure to state a cause of action." Thus, the failure to comply with the statute is substantive, as emphasized in Cornblatt, 153 N.J. at 246, 708 A.2d 401, as well as procedural, and we are not dealing with the mere relaxation of a procedural rule.
As plaintiff had an expert report before filing the complaint, the delay in obtaining discovery could not be a reason for tardy submission of the affidavit, and plaintiff did not so argue in her motion brief in the Law Division. As a result, the "extraordinary circumstances exception," which required a remand in Barreiro, supra, 318 N.J.Super. at 471, 723 A.2d 1244 (decided by the trial judge before the Supreme Court's opinion in Cornblatt), is not compelling in these circumstances. Moreover, this case does not have the complicated procedural history involved in Hyman Zamft that included an "order of mediation ... staying further proceedings" and the agreement of counsel "[w]ithin the sixty-day statutory grace period..." to file new pleadings. Hyman *1006 Zamft, supra, 309 N.J.Super. at 594, 707 A.2d 1068. We therefore hold that under these circumstances the failure to provide an affidavit of merit to support an existing expert's report within the 120 days statutory period cannot constitute "extraordinary circumstances" to avoid the dismissal with prejudice as required by the statute and Cornblatt.
We recognize that plaintiff may have had a viable medical malpractice case and that her counsel prudently obtained an expert report before filing her complaint. We nevertheless can find no basis in light of the Supreme Court's opinion in Cornblatt to reverse the trial judge's dismissal "with prejudice."
Accordingly, the judgment is affirmed.
STEINBERG, J.A.D., concurring.
I write separately because, like my colleagues, I am concerned that what appears to be a potential meritorious claim is dismissed with prejudice because of the failure of counsel to comply with the Affidavit of Merit Statute, N.J.S.A. 2A:53A-26 to -29. In good conscience I cannot dissent because, as my colleagues correctly point out, Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 708 A.2d 401 (1998) requires that the dismissal be with prejudice, in the absence of extraordinary circumstances. As my colleagues correctly recognize, the Supreme Court in Cornblatt, supra, relied upon Hartsfield v. Fantini, 149 N.J. 611, 695 A.2d 259 (1997), and the companion case of Wallace v. J.F.K. Hartwyck at Oak Tree, Inc., 149 N.J. 605, 695 A.2d 257 (1997) where the Court in considering a statute mandating automobile arbitration that required a motion for a trial de novo be filed within thirty days, concluded that the failure to file within that time period requires a dismissal with prejudice, in the absence of "extraordinary circumstances". Furthermore, in Hartsfield, supra, and Wallace, supra, the Court held that an attorney's mere carelessness or lack of proper diligence in timely filing a request does not constitute "extraordinary circumstances". Based on those authorities, I am constrained to agree with my colleagues that the failure in this case to timely file an affidavit of merit requires a dismissal with prejudice.
However, if I were able to decide this case with a clean slate, I would conclude that the shortcomings of counsel in failing to timely file the affidavit of merit should not be visited upon his client where, as here, counsel had an expert's report attesting to the potential merit of plaintiff's claim prior to filing the complaint, but failed to serve the required affidavit of merit timely. The Affidavit of Merit act was part of a package of five tort reform bills signed by Governor Christine Todd Whitman on June 29, 1995. In her accompanying news release, Governor Whitman said that the purpose of the bill was to "bring common sense and equity to the state's civil litigation system". According to the release, "the laws fulfill the Governor's 1994 promise to revamp the system and provide more access to the courts". Governor Whitman further stated that the legislation "strikes a fair balance between preserving a persons' right to sue and controlling nuisance suits that drive up the cost of doing business in New Jersey". Governor Whitman concluded by observing that "[b]oth consumers and businesses will benefit from these reforms".
If the legislative intent in enacting the Affidavit of Merit act was to eliminate groundless malpractice filings, that intent is not furthered where, as here, the attorney has in his possession, prior to filing the lawsuit, an expert's report, but inadvertently, or negligently, fails to comply with the filing requirements of the statute. On the contrary, the legislative intent was indeed satisfied because the expert's report was obtained before the complaint was filed and therefore the lawsuit that was filed had potential merit. A dismissal with prejudice in this case denies plaintiff access to the court, not because she filed a suit without having an expert's report prior to filing the complaint indicating her *1007 cause had potential merit, which is the primary purpose of the statute, but because her attorney failed to timely file the appropriate affidavit of merit. Moreover, a dismissal with prejudice in this case does not promote the purpose of the legislation to strike "a fair balance between preserving a person's right to sue and controlling nuisance suits". This suit is obviously not a nuisance suit, yet plaintiff is denied her right to sue due to a technical non-compliance with the statute. Significantly, defendant waited for approximately seven months after her answer was filed before moving to dismiss the complaint, thereby assuring the fact that the defect could not have been cured.
Under these circumstances, although I do not consider them "extraordinary", I believe that the sanction of a dismissal without prejudice, thereby necessitating the filing of a new complaint with a new filing fee, is sufficient. Defendant may be entitled to an award of other sanctions such as counsel fees incurred in filing the motion, together with costs. If complaints are repeatedly filed without complying with the statute, the remedy of a dismissal with prejudice is always available. If I were permitted to decide the issue on my own, I would distinguish a dismissal for failure to comply with the time requirements for seeking a trial de novo, which means the complaint itself was not timely filed, from a dismissal for failing to accompany a timely filed complaint with the required affidavit of merit. However, because I believe my colleagues correctly concluded that Cornblatt, supra, Hartsfield, supra, and Wallace, supra, require a dismissal with prejudice, I, with reluctance, join in that result.
NOTES
[1] The trial judge subsequently entered an order, striking the defenses "without prejudice," but we deem that order to be irrelevant given the dismissal of plaintiff's case.
[2] The answer, dated March 24, 1998, was filed pursuant to a "Stipulation Extending Time for Answer," dated April 20, 1998. There is no dispute that the motion to dismiss "with prejudice," for failure to comply with the Affidavit of Merit statute, was dated November 2, 1998. Defendant asserted that "[p]ursuant to N.J.S.A. 2A:53A-29 plaintiff has failed to state a cause of action and her complaint must be dismissed with prejudice." On November 17, 1998, the report of plaintiff's expert was sworn to and a jurat was added. It was served before defendant's motion was argued on December 4, 1998. While the critical documents in the plaintiff's appendix before us do not indicate actual filing dates, there is no dispute that the affidavit of merit was not provided to defendant for far more than 120 days after defendant's answer was filed.
[3] The author of this opinion, speaking only for himself, adds that he believes this approach is consistent with his vote in Levinson in which the majority did not address the view of the concurrence that no medical expert testimony was necessary in that case.
[4] Plaintiff points to "responses to the Demand for Admissions" which reflect an acknowledgment that "the qualitative B-HCG on the [laboratory] report in question [was] less than 5.0 MIU/ML" while her "understanding was that the December 12, 1996 B-HCG reading was 1145 MIU/ML." We believe that any discovery such as these responses obtained from defendant more than 120 days after service of the answer could be used in asserting that no expert was required. However, we do not believe that these admissions by themselves would permit plaintiff to survive a motion at the end of her case.
[5] Plaintiff served the report on November 3, 1998, in answers to interrogatories outside the 120 day period. We need not pass upon whether service of the expert report within 60 or 120 days would change the result, even in the absence of an affidavit, and plaintiff does not contend that defendant had an obligation to file any type of motion within the 60 or 120 day period in order to trigger the statute. We recognize that another panel of this court has just held that where an affidavit of merit was served in response to a motion to dismiss filed within 120 days of the answer, the "good cause" provision of the statute was satisfied. Burns v. Belafsky, 326 N.J.Super. 462, 470, 741 A.2d 649 (App.Div.1999). Hence, there defendant's motion to dismiss may have saved the plaintiff's case, but given the purpose of the legislation as developed in Cornblatt, we cannot find a basis for placing a burden on defendant to file a motion to dismiss within the 120 day period. After all, the Supreme Court has considered N.J.S.A. 2A:53A-27 substantive as well as procedural, and see R. 4:6-2(e) and R. 4:6-3 with respect to motions to dismiss for failure to state a claim.