746 A.2d 68 (2000)
CARLOS RICRA, Plaintiff-Respondent,
v.
FRANK BARBERA, M.D., Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted February 1, 2000
Decided March 1, 2000
*69 Hein, Smith, Berezin, Maloof & Jacobs, Hackensack, for defendant-appellant (Lawrence H. Jacobs, on the brief).
Alan Berliner, for plaintiff-respondent (Mr. Berliner, on the brief).
Before Judges SKILLMAN, D'ANNUNZIO and FALL.
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
We granted defendant leave to appeal an order denying his motion to dismiss the complaint in this medical malpractice case. The issue is whether plaintiff's submission of an unsworn and uncertified expert's report within sixty days of defendant's answer satisfied the affidavit of merit statute. N.J.S.A. 2A:53A-26 et seq. We conclude that it did not and we reverse.
Plaintiff alleged that he suffered adverse consequences from medication defendant had prescribed. The complaint alleged that in February 1996 defendant "negligently and carelessly failed to warn plaintiff of side effects of medication prescribed and/or negligently and carelessly failed to supervise the plaintiff's condition over the course of the five week period during which plaintiff was utilizing drugs prescribed by defendant."
Plaintiff filed the complaint on February 5, 1998, but the summons is dated September 28, 1998. Defendant filed his answer on December 10, 1998. The parties agree that simultaneously with the filing of his answer defendant served on plaintiff a request to produce and a demand for answers to interrogatories. The request to produce included: "Plaintiff's Affidavit of Merit from a physician to support plaintiff's claims against this defendant pursuant to N.J.S.A. 2A:53A-29."
On January 20, 1999, within sixty days of defendant's answer, plaintiff submitted the unsworn and uncertified letter report of Dr. Lawrence J. Nastro of the Summit Medical Group. The report, dated August 31, 1998, states in full:
At your request, I have reviewed the records of Mr. Carlos Ricra and also your follow-up letter of March 9, 1998 clarifying the medication that was prescribed for Mr. Ricra.
Basically, he was given Voltaren 75 mg twice a day in addition, Flexeril 10 mg once a day on February 12, 1996. He continued this through March 5, 1996.
On March 6, 1996 he was admitted to the hospital with a bleeding peptic ulcer for which he was successfully treated. *70 I am also informed that Mr. Ricra was never informed of the possible side effects of Voltaren by either his physician []or the pharmacy that provided him with his prescription medication.
It is therefore, my opinion that firstly Mr. Ricra's ulcer was definitely related to Voltaren. Voltaren is a non-steroidal anti-inflammatory drug that has a known complication of causing peptic ulcer disease.
The failure of his physician and his pharmacy to inform him of this side effect is definitely a deviation from the standards of medical care and constitute in my opinion malpractice.
If you require any further information, kindly contact my office.
Plaintiff never supplied an affidavit or certification from Dr. Nastro or any other qualified person.
On March 31, 1999, defendant moved for an order dismissing the complaint for non-compliance with the statute. The court denied the motion on the ground that plaintiff had substantially complied with it.
N.J.S.A. 2A:53A-27 reads:
In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.
N.J.S.A. 2A:53A-26 defines "licensed person" to include a physician licensed to practice medicine or surgery. N.J.S.A. 2A:53A-29 provides that "[i]f the plaintiff fails to provide an affidavit ... it shall be deemed a failure to state a cause of action."
The New Jersey Supreme Court addressed the statute in Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 708 A.2d 401 (1998). The Court acknowledged that the purpose of the affidavit of merit statute is "to require plaintiffs in malpractice cases to make a threshold showing, through an expert, that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." Id. at 242, 708 A.2d 401 (quoting In re Petition of Hall, 147 N.J. 379, 391, 688 A.2d 81 (1997)).
In Cornblatt, the defendant, Barow, counterclaimed against her former attorney, alleging malpractice. Id. at 225, 708 A.2d 401. One issue was whether a certification instead of an affidavit satisfied the statute. Id. at 226, 708 A.2d 401. The Court concluded that, under certain circumstances, something less than an affidavit could satisfy the statute. It began its analysis by observing that R. 1:4-4(b) authorizes a certification in lieu of an affidavit in certain contexts.[1]Id. at 237, 708 *71 A.2d 401. The Court acknowledged, however, that R. 1:4-4(b) generally has no application "to documents required exclusively by a statute that does not incorporate court rules." Id. (quoting Pressler, Current N.J. Court Rules, Comment 2 on R. 1:4-4(b) (Gann)). While R. 1:4-4(b) does not authorize the filing of a certification in lieu of an affidavit of merit, the Court observed that "the provision for the filing of an affidavit of merit under the statute imposes a pleading requirement and, in that sense, it is similar to the kind of pleading requirements that are subject to R. 1:4-4(b)."Id. at 238, 708 A.2d 401. Thus, the Court was persuaded that so long as the element of truthfulness was satisfied, submission of a certification was not necessarily impermissible. Id.
The Court also invoked the doctrine of substantial compliance, which enables courts to "avoid technical defeats of valid claims." Id. at 239, 708 A.2d 401 (quoting Zamel v. Port of New York Authority, 56 N.J. 1, 6, 264 A.2d 201 (1970)). The doctrine requires consideration of the following:
(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not strict compliance with the statute.
[Cornblatt, supra, 153 N.J. at 239, 708 A.2d 401 (quoting Bernstein v. Board of Trustees of Teachers' Pension & Annuity Fund, 151 N.J.Super. 71, 76-77, 376 A.2d 563 (App.Div.1977)).]
See also Negron v. Llarena, 156 N.J. 296, 304-307, 716 A.2d 1158 (1998) (applying substantial compliance analysis in context of Wrongful Death Act).
In applying the doctrine of substantial compliance to the facts of the case, as well as acknowledging the compromise between convenience and truth embodied by R. 1:4-4(b), the Court in Cornblatt held that the Legislature did not intend the affidavit of merit statute to be applied with inflexibility. 153 N.J. at 240, 708 A.2d 401. The Court wrote:
Thus, [w]e recognize that, under certain circumstances, a certification could satisfy the purpose of the affidavit requirement as well as the general purpose of the statute. Those circumstances would include at the very least the timely filing of a certification otherwise complying with all of the specifications for an affidavit of merit; an adequate and reasonable justification and a convincing explanation of just cause and excusable neglect for submitting a certification rather than an affidavit; and, further, that the adverse party was not prejudiced and obtained the requisite notice in that the certification contained the quality and level of information contemplated by the affidavit requirement. Further, a relevant circumstance would involve the plaintiff undertaking prompt measures to comply fully with the statute, including specifically the filing of an affidavit or the agreement of an adversary that the certification provided fully meets the substantive requirements of the statute. We determine that under such circumstances, the statutory requirement for the affidavit of merit would be deemed to have been met by the initial filing of a certification instead of an affidavit of merit.

[Id.]
Ultimately, the Court held that the statute does not apply to causes of action which had accrued prior to June 29, 1995, the statute's effective date. Id. at 229-30, 708 A.2d 401. Consequently, the statute did not apply to Barow's counterclaim. The Court, therefore, did not decide whether the certification submitted in Barow's *72 behalf satisfied the statute. Thus, the Court's opinion stands for the principle that a certification may satisfy the statute under certain limited circumstances. We note that some of those circumstances may be difficult to establish, particularly the requirement that a claimant establish "an adequate and reasonable justification and a convincing explanation of just cause and excusable neglect for submitting a certification rather than an affidavit." Id. at 240, 708 A.2d 401. We conclude, therefore, that an affidavit, with its formality of execution, is the required method of compliance in all but unusual circumstances.
We also recognize that the requirement of an affidavit is designed to achieve the Legislature's goal of screening claims for merit. See Cornblatt, supra, 153 N.J. at 242, 708 A.2d 401. As the Court noted in Cornblatt, an affidavit requires an oath or affirmation taken before another person having the authority to administer oaths or affirmations. Id. at 236, 708 A.2d 401. It replicates the requirement at trial that a witness, expert or otherwise, be sworn before testifying. We glean a legislative intent and recognition that if a claimant is unable to procure an expert willing to submit to the formality of an affidavit, then it would be fair to infer that the claimant would not be able to support his or her claim at trial.
Moreover, submission of an unsworn and uncertified report offered in satisfaction of the statute would nullify the statute. Current court rules and rules in effect when the Legislature passed the statute require a plaintiff to submit an expert's report to a defendant requesting it. R. 4:17-4(e). See In re Petition of Hall, supra, 147 N.J. at 392, 688 A.2d 81. It is a fair inference that the Legislature intended the statute to require more than mere compliance with R. 4:17-4(e). Cf. Palanque v. Lambert-Woolley, 327 N.J.Super. 158, 163, 742 A.2d 1002 (App.Div.2000) (holding that "the fact [that] plaintiff had an expert report in her possession before filing suit does not satisfy the statute.")[2]
In light of plaintiff's violation of the statute, the trial court should have dismissed the complaint. Such a dismissal must be with prejudice, in the absence of extraordinary circumstances. Cornblatt, supra, 153 N.J. at 242, 708 A.2d 401. This case does not involve the requisite extraordinary circumstances. When the trial court asked plaintiff's counsel why an affidavit of merit had not been filed, counsel replied:
[Counsel]: No reason other than I just said, Your Honor. It was my impression, rightfully or wrongfully, that a report, which I've done on many other occasions, satisfied the requirement. It's never been made an issue legally to me ever before this case, and I know as a matter of practice, I don't even file the complaint without an expert. I just will never do it in a malpractice 
THE COURT: I appreciate that ... but how does one just disregard the language of the statute?
[Counsel]: There's no answer that I can give Your Honor, just wasn't done, and my argument is that the merits of the statute, the substance, the intent of it has been fulfilled based on the report that has been provided.
It is apparent that non-compliance with the statute in this case was due to attorney carelessness. An attorney's carelessness does not qualify as an extraordinary circumstance. See Palanque, supra, 327 N.J.Super. at 164, 742 A.2d 1002; see also Burns v. Belafsky, 326 N.J.Super. 462, 471-72, 741 A.2d 649 (App.Div.1999); Hyman Zamft Manard, L.L.C. v. Cornell, 309 N.J.Super. 586, 593, 707 A.2d 1068 (App.Div.1998); cf. Hartsfield v. Fantini, 149 N.J. 611, 619, 695 A.2d 259 (1997) and Wallace v. JFK Hartwyck at Oak Tree, *73 Inc., 149 N.J. 605, 610, 695 A.2d 257 (1997) (holding in both cases that an attorney's mistake "cannot give rise to extraordinary circumstances capable of relaxing the thirty-day" limitations period for filing a demand for a trial de novo after arbitration).
The order is reversed. The case is remanded for entry of an order dismissing the complaint with prejudice.
NOTES
[1] R. 1:4-4(b) provides:

Certification in Lieu of Oath. In lieu of the affidavit, oath or verification required by these rules, the affiant may submit the following certification which shall be dated and immediately precede the affiant's signature: "I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment."
[2] The panel in Palanque stated that it "need not pass upon whether service of the expert report within 60 or 120 days would change the result, even in the absence of an affidavit...." 327 N.J.Super. at 163 n. 5, 742 A.2d 1002. We decide the issue in this case.