**Robert J. COSTA, Jr., Individually, and as Administrator Ad Prosequendum for the Estate of Angel Lee Powell–Costa, Deceased, and on behalf of Decedent's Heirs at Law and Next of Kin, Plaintiff,**

v.

**COUNTY OF BURLINGTON et al., Defendants.**

**Civil Action No. 07–904 (JEI).**

United States District Court, D. New Jersey.

July 22, 2008.

## ORDER DISMISSING MOTION TO DISMISS AS UNTIMELY
(Docket No. 92)

IRENAS, Senior District Judge:

This matter having appeared before the Court on Defendant Dr. Nathaniel Evans's Motion to Dismiss (Docket No. 92) all of Plaintiff Robert J. Costa's wrongful death and survival act claims against him for failure to provide an appropriate affidavit of merit,[1] and it appearing that:

(1) Costa's claims arise from allegations that his decedent, Angel Lee Powell–Costa, contracted MRSA infection while she was an inmate at the Burlington County Corrections and Work Release Center in early 2005. (Compl. ¶¶ 18–20.) According to Costa, his decedent died because the named defendants failed to both "respond to her obvious need for medical care" and hospitalize her at the appropriate time. (*Id.* at ¶¶ 29, 31.) Costa also contends that Dr. Evans failed to report an MRSA outbreak to the appropriate authorities. (*Id.* at ¶ 32.)

(2) Costa filed his initial Complaint on February 26, 2007. (Docket No. 1). He filed an affidavit of merit of Robert B. Greifinger, M.D., on March 20, 2007. (Docket No. 3). Dr. Evans filed his Answer to Costa's Complaint on April 3, 2007. (Docket No. 5).

(3) Costa filed a Motion to Amend his Complaint on June 20, 2007. (Docket No. 19). The Court granted the motion on June 21, 2007, and Costa filed his Amend-

Silver and Sperling, by Martha Sperling, Esq., Doylestown, PA, Collier Law, P.C., by Joyce L. Collier, Esq., Erdenheim, PA, for Plaintiff.

Crammer, Bishop, Marczyk & O'Brien, by Timothy P. O'Brien, Esq., Absecon, NJ, for Defendant Nathaniel R. Evans, II, M.D.

1. Counts I and II are brought under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments and seeking "all damages recoverable under the applicable wrongful death statutes" and "survival statutes." Even if the Court granted Dr. Evans's Motion, Counts I and II would remain because an affidavit of merit is not required to support a § 1983 claim. *See Laufgas v. Spez-* *iale*, No. 04–cv–1697, 2006 WL 2528009, at *4 (D.N.J. Aug. 31, 2006) (" '[C]ompliance with the affidavit of merit statute is not a prerequisite for a federal civil rights action against a doctor who is deliberately indifferent to his or her patient's medical needs.' " (quoting *Seeward v. Integrity, Inc.*, 357 N.J.Super. 474, 815 A.2d 1005, 1011 (N.J.Super.Ct.App.Div.2003))).

ed Complaint on the same day. (Docket Nos. 21, 24). Dr. Evans filed an Answer to the Amended Complaint on September 27, 2007. (Docket No. 42). Dr. Evans then filed an Amended Answer to the Amended Complaint on December 6, 2007. (Docket No. 61).

(4) Costa filed a second Motion to Amend his Complaint on March 31, 2008. (Docket No. 90).

(5) Dr. Evans filed this Motion to Dismiss on April 7, 2008. (Docket No. 92). He argues that Dr. Greifinger is not qualified under title 2A, chapter 53A–41 of the New Jersey Statutes to render an affidavit of merit. (Df's Br. at 2, ¶ 7.)

(6) The Court granted Costa's second Motion to Amend his Complaint on April 18, 2008 (Docket No. 96), and Costa filed his second Amended Complaint on the same day (Docket No. 97). Dr. Evans filed his Answer to the second Amended Complaint on May 30, 2008. (Docket No. 124).

(7) Title 2A, chapter 53A–27 of the New Jersey Statutes provides, in pertinent part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A–27.

■ (8) The New Jersey Supreme Court has held that a plaintiff is *not* required to file a motion for an extension of time for "good cause" within the original 60–day period in order to gain an additional 60 days within which to file the required affidavit of merit. *Burns v. Belafsky,* 166 N.J. 466, 766 A.2d 1095, 1100–01 (2001).

■ (9) The Third Circuit has found that "the [New Jersey] statute's purpose is best implemented ... by establishing as the beginning point of the 120–day limitations period the date on which a defendant files his answer to the *final* amended complaint." *Snyder v. Pascack Valley Hosp.,* 303 F.3d 271, 276 (3d Cir.2002) (emphasis added) (citing *Hyman Zamft & Manard, L.L.C. v. Cornell,* 309 N.J.Super. 586, 707 A.2d 1068, 1072 (N.J.Super.Ct.App.Div.1998)).[2]

■ (10) In this case, Dr. Evans's Answer to the second Amended Complaint, which is presently the answer to the final amended complaint, was filed on May 30, 2008. Therefore, Costa has at least 120 days from that date to file an appropriate affidavit of merit before this Court may

---

**2.** The *Snyder* court expressed concern that a plaintiff might file several amended complaints "for the sole purpose of garnering additional time for providing an affidavit of merit," but the court remained confident that the trial courts would not permit such tactics to be used. 303 F.3d at 276 n. 3. Here, because Costa has already filed an affidavit of merit in connection with his original Complaint, and he filed the second Motion to Amend his Complaint prior to Dr. Evans's Motion to Dismiss, the Court is not concerned that Costa is attempting to file a series of amended complaints in order to evade the statutory time limitations.

consider any motion to dismiss filed by Dr. Evans.

And for good cause shown,

**IT IS** on this 22nd day of July, 2008,

**ORDERED THAT:**

Defendant Dr. Evans's Motion to Dismiss is hereby **DISMISSED** as untimely.