94 N.J. Super. 494 (1967)
229 A.2d 261
PACKAGING INDUSTRIES LIMITED, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
LEON HAYDUCHOK AND BOHDAN ZENAN HAYDUCZOK, TRADING AS INTEGRAL PACKAGING COMPANY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1967.
Decided April 20, 1967.
*495 Before Judges LEWIS, LABRECQUE and KOLOVSKY.
Mr. Jerome L. Yesko argued the cause for appellants (Messrs. Yesko & Marcus, attorneys).
*496 Mr. David B. Schackner argued the cause for respondent (Messrs. Fox, Schackner, Neagle & Mastrangelo, attorneys; Mr. Stanley Z. Goldflam, on the brief).
PER CURIAM.
Pursuant to leave granted, defendants appeal from the allowance of plaintiff's motion for additional discovery.
When defendants defaulted in payment of the balance due on the purchase price of a packaging machine, plaintiff, as seller under a conditional sales agreement, instituted the present action to secure possession of the machine. A replevin bond was filed and, when defendants failed to replevy, possession of the machine was delivered up to plaintiff. Defendants subsequently filed an answer and counterclaim (later amended) alleging that the machine was defective and seeking a return of the purchase price paid and damages by reason of its failure to operate properly.
Although defendants propounded interrogatories and took rather extensive depositions of certain of plaintiff's employees, plaintiff's only discovery consisted of the submission of interrogatories which were answered by defendants on May 19, 1965. Six months later, on November 3, 1965, a notice to take the oral depositions of defendants was served by plaintiff. On December 15, 1965 an order was entered by Judge Hand granting defendants' motion to strike plaintiff's notice to take oral depositions as out of time. There was no application for leave to appeal from this order.
Thereafter, on April 13, 1966, present counsel were substituted as attorneys for plaintiff. On September 30, 1966 plaintiff's new attorneys served a notice of motion, returnable October 21, 1966, for an order permitting further discovery. Defendants' present appeal is from the order granting plaintiff "leave to pursue discovery in accordance with the pertinent Rule of Civil Practice, including, but not limited to, Depositions of parties and witnesses, and responsive answers to Interrogatories served; the Plaintiff to complete all such discovery on or before December 1, 1966."
*497 R.R. 4:28(a) requires that discovery proceedings of the type here involved be completed as to each defendant within 150 days of the date of service of the original complaint on him, unless on notice, in open court and for good cause shown, an order is entered before the expiration of that period extending the time for completion of discovery to a date specified in said order. Plaintiff's time for discovery would, at the latest, begin to run from the time of service of the amended counterclaim.
In the letter opinion filed by the court the only findings bearing upon the present issue are as follows:
"In April, 1966 there was a substitution of attorneys and at the oral argument it was represented to this Court by the new attorneys that additional discovery was essential, to adequately and properly prosecute this cause of action and defend the counterclaim filed herein, and furthermore is not made for the purposes of delay.
This Court has read the moving papers, supporting affidavit, briefs and has had the benefit of oral argument and is of the opinion that justice would best be served by granting to the plaintiff an additional thirty days to complete discovery.
In order to accomplish this, this Court hereby invokes R.R. 1:27A, Relaxation of Rules and orders that * * *."
We are satisfied that the order appealed from must be reversed. Wholly aside from the asserted res judicata effect of Judge Hand's order of December 15, 1965, plaintiff failed to establish the "good cause" which R.R. 4:28(a) makes a sine qua non to allowance of a motion extending the time for discovery.
In substance, the grounds urged in support of the order appealed from were that: (1) new counsel, upon review of the pleadings and discovery to date, had determined that additional discovery was necessary to meet the counterclaim, and (2) the answers to interrogatories furnished by defendants were inadequate. But these are no more than the reasons which would have called for further discovery within the time limited by the rule. The substitution of new counsel did not, ipso facto, start anew the running of the time allowed for discovery.
*498 While it is true that the broad purpose of the rules is to further the determination of all causes upon the merits and to minimize strictly technical maneuvering, the rules were adopted for the guidance of attorneys in protecting their clients' interest and generally, in the absence of "good cause," compliance therewith should be enforced. Abbatemarco v. Colton, 31 N.J. Super. 181, 186 (App. Div. 1954).
The asserted conclusion of plaintiff's new attorneys that further depositions were necessary did not constitute good cause for reopening discovery. The advisability of such depositions had been recognized by prior counsel whose notice to take depositions had been stricken by Judge Hand. Neither the letter opinion of the court nor the order implementing it contains any finding of excusable neglect in failing to sooner apply for an extension of the time for discovery. The record before us affords no factual basis for such a finding and sets up no new circumstances which would justify a reopening of discovery more than two years after the institution of suit.
The asserted inadequacy of defendants' answers to certain interrogatories likewise afforded no ground for allowance of the motion. Plaintiff had ample opportunity to move for more adequate and responsive answers and there has been no showing of excusable neglect in the failure to do so. Further, at the pretrial conference it will be afforded an opportunity to obtain from defendants many of the items allegedly missing from the answers to interrogatories in the form of a detailed itemization and description of the alleged defects in the machine sold by plaintiff and the damages allegedly sustained by defendants as a result thereof. R.R. 4:29-1(b)(4),(5).
For the foregoing reasons the order of November 9, 1966 must be set aside.
Reversed and remanded.