789 A.2d 190 (2001)
347 N.J. Super. 246
Azucena MONTIEL, Plaintiff(s),
v.
JOANNE INGERSOLL AND ALLSTATE INSURANCE COMPANY, Defendant(s).
Superior Court of New Jersey, Law Division.
August 21, 2001.
Susan Petro, Atlantic City, for Plaintiff.
Marc L. Hurvitz, Atlantic City, for Defendants.
TODD, P.J.Cv.
This opinion deals with plaintiff's motion to bar the testimony of defendant Ingersoll's proposed bio-mechanical expert based on defendant's failure to identify that expert within the time provided in the rules governing discovery. In resolving that application it is necessary to address the standards and procedures governing requests to bar late amendments to answers to interrogatories based on the rule amendments effective in September 2000, commonly referred to as "Best Practices."
This is an action for damages for personal injuries sustained by plaintiff in a motor vehicle accident which occurred in August 1998. The complaint was filed on June 14, 2000, asserting claims against defendant Ingersoll, the driver of the other vehicle involved in the accident, and Allstate Insurance Company.
The original discovery period was established based on the rules in effect prior to September 2000 under the differentiated case management program in effect in this vicinage. On that basis, discovery was permitted through February 2001. The time for discovery was then extended by formal order to May 15, 2001. That order was forwarded to counsel by letter dated February 9, 2001, specifically noting that any additional requests for an extension of the time for discovery would have to be presented by motion, consistent with Director Williams' Notice to the Bar of August 7, 2000. Notice to the Bar, 161 N.J.L.J. 530 (August 7, 2000).
On May 23, 2001, following the expiration of the extended discovery period, the court issued a notice scheduling the matter for arbitration July 17, 2001. There were no additional requests to extend the time for discovery either before or after the issuance of that May 23, 2001 notice. On July 9, 2001, plaintiff's counsel received the report of the expert at issue from defendant's *191 attorney. That report was dated May 24, 2001, but was forwarded to plaintiff's counsel by letter dated July 3, 2001.
This application was filed by plaintiff's counsel July 12, 2001, five days prior to the arbitration asking that the court bar defendant from presenting the report of the testimony of the expert in question at arbitration or trial. Counsel requested the matter be considered on short notice before the scheduled arbitration. The court declined to deal with the matter on short notice. The matter proceeded to arbitration on July 17, 2001. A request for a trial de novo has been filed. The matter was scheduled for trial October 10, 2001. For the reasons noted below, plaintiff's application is granted.
In resolving this dispute, it is necessary to consider the effect of the rule amendments effective in September 2000 dealing with the discovery process, and particularly the amendments to R. 4:24-1, dealing with extensions of the time for discovery and R. 4:17-7, dealing with amendments to answers to interrogatories. In that context, a review of the rules and amendments effective in September 2000 is appropriate.
R. 4:24-1 deals with the time for discovery and the manner in which that time can be extended. Prior to September 2000, the rule provided for 150 days of discovery. That period could be extended for good cause. In vicinages subject to differentiated case management, longer periods of discovery were permitted based on track assignment. See the Bergen and Camden Differentiated Case Management Rules, previously reproduced with the appendices to the rules. The amended rule provides much more substantial time for discovery, again based on track assignments. It permits a sixty day extension of discovery by consent, and permits additional extensions for good cause, provided the application for an extension of time is returnable prior to the discovery end date. No extension of the time for discovery is permitted after an arbitration or trial date has been set absent a showing of exceptional circumstances. See R. 4:24-1(c). Those same standards should be applied in cases filed prior to September 2000, when the time for discovery expires after that date. See Director Williams' Notice to the Bar dated August 7, 2000. Notice to the Bar, supra.
The exceptional circumstances standard, now a part of R. 4:24-1, is new. It was designed to deal with the problems created when requests for discovery are presented out of time, creating the potential for delay. Those requests can result in substantial delay. That delay is particularly problematic given the extended discovery periods provided under the new rules. It impacts on the scheduling of arbitration and trial, a clear focus of "Best Practices." For those reasons, a much more substantial showing is required to justify an extension of discovery once a case has been scheduled for arbitration or trial. Compare Hartsfield v. Fantini, 149 N.J. 611, 619, 695 A.2d 259 (1997) and Wallace v. JFK Hartwyck at Oak Tree, Inc., 149 N.J. 605, 610, 695 A.2d 257 (1997) (an attorney's mistake cannot give rise to extraordinary circumstances capable of relaxing the thirty-day limitations period for filing a demand for a trial de novo after arbitration) Ricra v. Barbera, 328 N.J.Super. 424, 746 A.2d 68 (App.Div.2000) (in the context of late filings, attorney carelessness does not qualify as exceptional circumstances) and Packaging Industries Ltd. v. Hayduchok, 94 N.J.Super. 494, 229 A.2d 261 (App.Div.1967), cert. denied 50 N.J. 87, 232 A.2d 149 (1967) (good cause justifying extension of discovery proceedings was not shown by fact of substitution of counsel).
*192 Rule 4:17-7 governs amendments to answers to interrogatories. Prior to September 2000, R. 4:17-7 provided as follows:
Except as otherwise provided by R. 4:17-4(e), if a party who has furnished answers to interrogatories thereafter obtains information that renders such answers incomplete or inaccurate, amended answers shall be served not later than 20 days prior to the first date fixed for trial. Thereafter amendments may be allowed only for extraordinary or compelling reasons and to prevent manifest injustice, and upon such terms as the court directs. In no case shall amendments be allowed at trial where it appears that the evidence sought to be introduced was known to the party seeking such leave, more than 10 days prior to trial. [emphasis added]
That rule was also amended as a part of "Best Practices," effective in September 2000. As amended, R. 4:17-7 now provides as follows:
Except as otherwise provided by R. 4:17-4(e), if a party who has furnished answers to interrogatories thereafter obtains information that renders such answers incomplete or inaccurate, amended answers shall be served not later than 20 days prior to the end of the discovery period, as fixed by the track assignment or subsequent order. Thereafter amendments may be allowed only if the party seeking to amend certifies therein that the information requiring the amendment was not reasonably available or discoverable by the exercise of due diligence prior to the discovery end date. [emphasis added]
The amendment is specific and deals with the issue presented here. Amendments are to be served not later than 20 days prior to the end of the discovery period. In most cases, that will be well before the matter is listed for trial. (Most cases will be scheduled for arbitration approximately 60 days after the time for discovery has expired, and will then be listed for trial only if a demand for a trial de novo is filed. The parties will then have six to eight weeks notice of the initial trial date.)
The amended rule clearly applies to this dispute. The September 2000 amendment to Rule 4:17-7 is not limited to cases filed after September 2000. Compare R. 4:24-1(d). While R. 4:17-7 does not deal specifically with the manner in which these types of disputes should be brought before the court, the Conference of Civil Presiding Judges has suggested that the party objecting to a late amendment to answers to interrogatories has the burden of presenting the matter through the filing of a formal motion seeking to bar the amendment, when the amendment is accompanied by an appropriate certification of due diligence. Best Practices Cumulative Update, 175 N.J.L.J. 67 (July 2, 2001). In this case that certification was not provided, and one could legitimately suggest the amendment would have been disallowed at trial, even if this application had not been filed.
It is appropriate to treat the information at issue here as a proposed amendment to defendant's prior answers to interrogatories. Defendant had identified proposed expert witnesses in prior answers to interrogatories. This witness was subsequently identified in two ways. Defendant first identified the witness in question in a document captioned, "Defendant Joanne T. Ingersoll's More Specific Answers to Interrogatories," forwarded by letter dated May 15, 2001, the date discovery concluded under the terms of the order entered February 9, 2001. In addition, the report of the expert in question was provided in July 2001, well after the extended discovery period. Each of those submissions amended *193 defendant's prior answers to interrogatories. Each submission was subsequent to twenty days prior to the discovery end date, the date referenced in R. 4:17-7. Neither submission contained the certification of due diligence required by R. 4:17-7. The defendant does not and apparently could not argue that she complied with the rule governing amendments to interrogatories, requiring the party seeking the amendment to "certify therein" that the information at issue was not reasonably available through the exercise of due diligence prior to the discovery end date.
Defendant opposed plaintiff's application, and has requested that the court permit the expert in question to testify at trial. The opposition submitted, however, did not address the standards discussed above in any meaningful fashion. As noted above, the report in question was dated May 24, 2001, but was forwarded to plaintiff's counsel by letter dated July 3, 2001. Defendant's counsel made no effort to explain that delay. Defendant's counsel also failed to explain the failure to obtain the report at an earlier date, and the failure to request additional time for discovery, if and when it became apparent that was appropriate.
Defendant's opposition does attempt to deal with the issue of due diligence, but in a manner that is inadequate and inconsistent with R. 4:17-7. The matter was dealt with in a passage incorporated in a letter brief submitted by defendant's counsel in response to plaintiff's motion. The body of that letter contained the following statement. "In compliance with Rule 4:17-7, counsel certifies that the report was not available prior to the discovery deadline." That statement is inconsistent with R. 4:17-7 in several ways. First, the rule requires that the certification of due diligence must be provided at the time of the proposed amendment to answers to interrogatories. Just as importantly, the statement offered here is not substantively adequate. The rule requires a certification indicating that the information was not available through the exercise of due diligence. The statement just noted does not address that standard.
A review of all the materials submitted indicates the report in question could have been provided within the extended discovery period through the exercise of due diligence. As noted by plaintiff's counsel, defendant's attorney had previously suggested that the report of this expert could be provided by May 15, 2001. In a letter brief submitted in opposition to this motion, defendant's counsel also alluded to correspondence that was forwarded to the expert in question "as soon as authority was obtained," apparently referring to the need to obtain authorization from the insurance carrier in question without indicating just when that occurred. The extended discovery end date was May 15, 2001. This matter has been pending since June 2000. There was no explanation for the delay in obtaining authorization to proceed with this type of expert at some earlier time. There was no explanation for defendant's failure to forward the report until just prior to the arbitration hearing. Defendant has not complied with the provisions of R. 4:17-7 governing amendments to answers to interrogatories. Defendant could have filed a motion to extend the time for discovery, which may have resulted in the entry of an order extending the time within which interrogatories could have been amended without a certification of due diligence. Defendant could have provided a certification of due diligence, if appropriate. Defendant did neither.
In opposing this application, defendant relied upon the provisions of R. 1:1-2 permitting the relaxation of other rules, and upon a number of opinions indicating that *194 it is appropriate to relax the provisions of R. 4:17-7 to permit identification of witnesses out of time, as long as there is no substantial prejudice, or any intent to mislead. See Glowacki v. Underwood Memorial Hosp., 270 N.J.Super. 1, 636 A.2d 527 (App.Div.1994); Brown v. Mortimer, 100 N.J.Super. 395, 242 A.2d 36 (App.Div. 1968); and Branch v. Emery Transp. Co., 53 N.J.Super. 367, 147 A.2d 556 (App.Div. 1958). Also see Falcone v. NJ Bell Telephone, 98 N.J.Super. 138, 236 A.2d 394 (App.Div.1967), cert. den. 51 N.J. 190, 238 A.2d 475 (1968); and Gittleman v. Central Jersey Bank & Trust Co., 52 N.J. 503, 246 A.2d 713 (1968), reversing on the App. Div. dissent below, 103 N.J.Super. at 179, 246 A.2d 757. Those cases were all decided prior to the rule amendments effective September 2000. As discussed above, those rule amendments were obviously intended to address the type of problem presented here in a very specific fashion. It is not at all clear the cases relied on by defendant should be applied to this dispute involving the application of R. 4:17-7, as amended, or that R. 1:1-2 should now be applied as suggested by defendant. Defendant also relied upon two unreported Appellate Division opinions, but failed to provide copies of those opinions as required by the rules. In any event, they would have no precedential value. See R. 1:36-3.
The rule amendments at issue here were a part of the "Best Practices" initiative approved by the Supreme Court in May 2000, after substantial review. A variety of issues were dealt with in the various rule amendments and recommendations adopted at that time. One clear focus of "Best Practices" was an attempt to deal with the problems previously presented as a result of litigants' failure to complete discovery in a timely fashion, the resulting delays and the problems presented in scheduling cases for arbitration and/or trial on a meaningful basis. The rule amendments were intended to make arbitration a meaningful event by requiring all discovery to be completed within the appropriate discovery time. These concerns were discussed in a report prepared by the Conference of Civil Presiding Judges at the request of the Supreme Court when the enactment of "Best Practices" was first being considered. See Report of the Conference of Civil Presiding Judges on Standardization and Best Practices, 156 N.J.L.J. 80 (April 5, 1999). The following passage appears in that report, referring to one of the recommendations presented to the Supreme Court:
Recommendation 4.1. The rules should state the discovery period for each track, and make it clear that once the discovery period is over and an arbitration or trial date is set, no more discovery must occur, unless authorized by the court on a showing of "exceptional circumstances."
At present, it all too often happens that discovery continues well past the time a case is scheduled for trial, and such protracted discovery frequently necessitates the postponement of scheduled trial dates. This recommendation is intended to provide a "discovery cutoff", once the case has been scheduled for a dispositive court event. [Report of Conference of Civil Presiding Judges, supra at 82.]
It is in that context that R. 4:17-7 was ultimately amended to require that amendments to answers to interrogatories be provided twenty days prior to the end of discovery and to provide that amendments would not be allowed after that time absent the filing of a certification of due diligence. At the same time, the rules were also amended to provide much more liberal discovery periods than had existed previously, and to provide that parties may *195 apply for extensions of those periods. The provision for a "discovery cut-off" is a fundamental part of "Best Practices." It will only be meaningful, to counsel and the court, if the rules are enforced.
Clearly R. 1:1-2 permits the relaxation of R. 4:17-7 in appropriate circumstances. It is not clear, however, that rule should be applied here to permit the relief requested by the defendant. R. 1:1-2 provides,
The rules in Part I through Part VIII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In absence of rule, the court may proceed in any manner compatible with these purposes and, in civil cases, consistent with the case management/trial management guidelines set forth in Appendix XX of these rules.
The rule amendments effective September 2000 are intended to deal with specific problems which had resulted in prior delays in administering civil case calendars, presumably in a manner fair to all litigants, involving processes which are relatively simple. The rules at issue here deal with the discovery process and the identification of witnesses in a specific fashion and permit substantial flexibility in dealing with problems that may be presented in any specific case. Witnesses are to be identified if requested in interrogatories. Motions to extend the time for discovery are to be granted for good cause provided they are filed within the time for discovery. Motions to extend the time for discovery filed outside the discovery period may be granted based on a showing of exceptional circumstances. Amendments to answers to interrogatories may be permitted based on a showing of due diligence. Defendant argues the court should now relax R. 4:17-7 to permit this amendment without referring to the standards set forth in the rules discussed above. As a practical matter, that would require the court to ignore those standards and the structure of the new rules more generally. From this court's perspective, that would also be inconsistent with R. 1:1-2 and particularly the portions of that rule dealing with the elimination of unjustifiable expense and delay. Indeed, it is legitimate to suggest defendant's request to relax the rule in question is essentially a request that the court excuse a lack of diligence. It is more appropriate to require defendant and all litigants to abide by the rules. The case law relied on by defendant developed prior to the September 2000 rule amendments. The application of that case law to this type of dispute would make the provisions of R. 4:17-7 virtually meaningless, at least as that rule is applied to the identification of witnesses. This court declines to apply that case law to this dispute. With that, there is no apparent basis for relaxing the rules as requested by defendant.
Plaintiff's application is granted. Defendant will be barred from presenting the bio-medical expert in question at trial. An appropriate order has been entered.