830 A.2d 924 (2003)
363 N.J. Super. 44
Donna O'DONNELL, Plaintiff,
v.
Dr. Munir AHMED et al, Defendant(s).
Superior Court of New Jersey, Law Division.
Decided March 12, 2003.
*925 Richard J. Albuquerque, for Plaintiff.
Richard A. Amdur, Eatontown, for Defendant.
TODD, DARYL F., Sr., J.S.C.
This personal injury action alleges medical malpractice against Dr. Munir Ahmed. The matter before the court involves the application of our rules of pretrial discovery, including R. 4:17-7, involving experts' reports and the "exceptional circumstances" standard in R. 4:24-1(c).
The Complaint was filed on May 1, 2001. Discovery ended on October 12, 2002. A trial was scheduled for January 13, 2003, but was adjourned due to defense counsel's trial schedule. By letter dated January 9, 2003, four days prior to the scheduled trial date, defense counsel sent a letter to the Honorable William C. Todd, III, P.J.Cv., indicating that he did not notice the trial date until that day and further indicating that the matter had not been sent out for expert review but that the defense intended to do so and would provide a defense expert report to plaintiff. But for defense counsel's trial schedule, the matter would have gone to trial on January 13, 2003. Defense counsel's letter to the court immediately brought forth plaintiff's present motion filed on January 17, 2003 to bar any late expert report as an amendment to interrogatories. Thereafter, on January 23, 2003, the defendant responded by filing a motion to reopen discovery in order to supply an expert report. Because of the unusual circumstance, the court afforded counsel oral argument on February 14, 2003, and because of the insufficiency of the submittal by the defendant prior to oral argument, the court permitted a supplemental certification to be provided to the court following oral argument. That supplemental certification has now been received.
The facts do not appear to be in dispute with respect to the discovery issues. The Answer to the Complaint was sent to the court for filing on June 27, 2001. The case was assigned to Track III, pursuant to R. 4:5A-1 resulting in 450 days of discovery since it involved allegations of medical malpractice. No request was made for a change of track assignment under R. 4:5A-2(b). A Management Order was agreed to by counsel, submitted to the court, executed and filed on September 7, 2001, establishing the discovery end date of October 12, 2002. That Management Order provided for benchmarks along the way, including the plaintiff's experts' reports to be provided by June 30, 2002 and the defendant's experts' reports to be provided by August 16, 2002, with expert depositions to be concluded by October 12, 2002.
The Management Order provided that the entry of that Order was not intended to affect the parties' rights to extend the time for discovery for an additional 60 days by written and filed consent pursuant to R. 4:24-1(c). No such written and filed consent was ever submitted to the court.
The Management Order also provided that the entry of the Order was not intended to affect the parties' right to seek an additional extension of time for discovery through the filing of a formal motion returnable before the end of the discovery period, also pursuant to R. 4:24-1(c). No such motion for the extension of discovery was made prior to the end of the discovery period.
By letter of July 2, 2002, plaintiff submitted an expert report to the defendant by sending it to defendant's counsel. On July 8, 2002 defendant's counsel sent the report to his client, Dr. Ahmed. Defendant's counsel followed that up with a letter dated July 15, 2002 to Dr. Ahmed confirming an appointment for July 21, *926 2002. Dr. Ahmed was unable to keep that appointment, and on July 23, 2002 defendant's counsel wrote to the defendant again confirming an appointment for August 10, 2002 to review plaintiff's expert report. Dr. Ahmed also cancelled that appointment. Dr. Ahmed and his counsel did not reschedule the appointment. Defendant's counsel advised at oral argument that Dr. Ahmed was supposed to call him but did not. Dr. Ahmed's counsel thereafter took no action until the letter to Judge William Todd on January 9, 2003. Defendant's counsel indicates it was through inadvertence that he did not notice that there was no appointment rescheduled with Dr. Ahmed to review plaintiff's expert report until January 9, 2003, when the letter requesting an adjournment of the trial was sent to Judge William Todd.
A discovery end date reminder notice was forwarded by the court on August 3, 2002, and received by the attorneys evidently on August 6, 2002. That discovery end date reminder notice provided information to the attorneys. It advised that the discovery period would end on October 12, 2002. It went on to say that "If additional discovery is needed, appropriate application to the court must be made pursuant to R. 4:24-1(c) ..." It also said that no adjournment would thereafter be granted absent exceptional circumstances. The defendant took no action in response to that discovery end date reminder notice. No request was received from counsel in August, September or October, prior to the end of the discovery period, to extend discovery.
The notice of trial was sent to counsel on October 28, 2002, noting that the case was scheduled before Judge William Todd for January 13, 2003. No request was received from counsel during October, November or December asking for adjournment of the trial scheduled for January 13, 2003.
On Friday, January 10, 2003, in advance of the trial scheduled for Monday, January 13, 2003, plaintiff's counsel called the appropriate Trial Team Leader inquiring about the trial going forward on Monday, and was advised only at that time that defense counsel was in the midst of a trial in Monmouth County, and would not be available to proceed with the trial in Atlantic County. Then, on Saturday, January 11, 2003, plaintiff's counsel received from defense counsel, Richard A. Amdur, a copy of the letter to Judge William Todd, dated January 9, 2003, advising Judge William Todd that he did not notice the trial listing until that very day of January 9, 2003. Mr. Amdur noted, "In any event, as Your Honor knows, I am state supervised and have been assigned to Judge Lehrer in Monmouth County for the next several months." At oral argument, the court inquired concerning Mr. Amdur's reference to being state supervised, and Mr. Amdur advised that he was not state supervised, and there was no Order of any court indicating that he should have special rules applied to him for purposes of discovery and trial.
Mr. Amdur noted in the letter to Judge William Todd that Dr. Ahmed would not consent to a settlement, and that settlement was not a possibility. He then went on to indicate that he would "belatedly have to send the case out for expert review ..." He stated that he hoped plaintiff's counsel and the court would be generous in allowing additional time.
The plaintiff's motion followed promptly to bar any reopening of discovery, any further expert review and the subsequent further amendment of interrogatories by the defendant.
Defendant's counsel explains that, because of Dr. Ahmed's hectic schedule and *927 his hectic schedule, they were just unable to meet during the many months between July 2002 and January 2003. Defense counsel says that issues such as this discovery issue should not be decided on procedural niceties.
Following oral argument and following receipt of the supplemental certification from Mr. Amdur while the motions were pending decision, the court has now received, on March 7, 2003, a letter dated March 3, 2003 advising that Mr. Amdur had gone ahead and served a report from a Dr. Ratner, dated February 24, 2003, on plaintiff's counsel. He has offered to permit Dr. Ratner to be deposed, and has requested plaintiff's counsel to arrange for an immediate physical examination date with Dr. Ratner and to supply Dr. Ratner with diagnostic films taken.
The "Best Practices" initiatives in our Rules of Court were approved by the Supreme Court in May 2000, after extensive review. The issues giving rise to our new "Best Practices" are set forth in detail in the Report of the Conference of Civil Presiding Judges on Standardization of Best Practices, 156 N.J.L.J. 80 (April 5, 1999). It was in that report that the use of the term, "exceptional circumstances," arose, which later became part of the language in R. 4:24-1(c).
R. 4:17-7 provides that if a party who has furnished answers to interrogatories thereafter obtains information that renders such answers incomplete or inaccurate, amended answers shall be served not later than 20 days prior to the end of the discovery period. Thereafter, amendments may be allowed only if the party seeking to amend certifies therein that the information requiring the amendment was not reasonably available or discoverable by the exercise of due diligence prior to the discovery end date. Defendant has not supplied any certification indicating that the information requiring the amendment was not reasonably available or discoverable by the exercise of due diligence prior to the discovery end date. Therefore, no amendment can be permitted under R. 4:17-7. To allow otherwise would eviscerate that rule. Montiel v. Ingersoll, 347 N.J.Super. 246, 254-255, 789 A.2d 190 (Law Div.2001).
In addition, R. 4:24-1(c) provides that there should be no extension of the time for discovery after a trial date has been set absent a showing of exceptional circumstances. Even though permitted to supplement the record following oral argument, defendant has not submitted any explanation for no action being taken between August 2002 and January 2003.
We have now had more than two years of the use of our new rules embodied in "Best Practices." Before "Best Practices," we relied on a good cause standard to extend discovery. Because of the liberalized time for discovery afforded by the tracking system embodied in "Best Practices," a heightened standard of "exceptional circumstances" was adopted for any extension of discovery requested after an arbitration or trial date is fixed. The good cause standard still prevails for the extension of discovery requests made by motion returnable prior to the conclusion of the discovery period.
The extraordinary circumstances concept has been applied to issues of filing and serving a demand for a trial de novo. See Flagg v. Township of Hazlet, 321 N.J.Super. 256, 728 A.2d 847 (App.Div. 1999) in which the court defined it in that context and said a township's failure to mail the de novo demand within 30 days was not an extraordinary circumstance when mailed two days late, even though the notice, the check and the letter were timely dated. See also Martinelli v. Farm-Rite, Inc., 345 N.J.Super. 306, 785 *928 A.2d 33 (App.Div.2001) finding that the failure of defense counsel's computer system resulting in a failure to file and serve a demand for trial de novo timely was not an extraordinary circumstance.
It is time we define examples of what constitutes exceptional circumstances and what does not in the discovery context of R. 4:24-1(c). Clearly, merely advising the court in conclusory terms that the attorney and the client have hectic schedules does not qualify. Advising the court in factual detail about how and why a schedule has prevented discovery would be a place to start. Failure to provide such detail should always be fatal. The disclosure of a disruption of one's office by partners or associates having health problems or leaving, especially if they had responsibilities for the matter before the court, would probably be persuasive. The disclosure of a personal sudden health problem of counsel would be such an example as well. Death of a family member; injury to a family member requiring the attorney to attend more to that family member; death or health problems of the client; death or health problems of a key witness requiring further discovery to develop information caused by the loss of the witness are further examples of exceptional circumstances. A twelfth hour submission of new information amending discovery by one's adversary requiring a reasonable investigation and response time beyond a fast-approaching discovery end date would normally qualify.
This list is not meant to be all inclusive. However, it is meant to be instructive as to the type of extraordinary circumstances implicit in the rules.
Our Best Practices rule amendments were effective in September 2000. This matter was filed eight months later, on May 1, 2001. The rule changes expanded discovery time by track assignment making discovery time more reasonable.
[4] The court has searched the record in detail to find exceptional circumstances, and has found none. The defendant himself failed to cooperate with his own counsel for the scheduling of appointments to prepare the matter. Neither the defendant nor the defendant's counsel followed up with each other in order to comply with the requirements of the discovery schedule. Plaintiff has a right to rely upon defendant's adherence to the rules, absent some exceptional circumstances. Unfortunately, failure to properly prepare a matter in a timely manner is not exceptional circumstances in and of itself. Additional facts must be shown in a detailed certification to the court, making clear that the reasons were beyond the reasonable control of the party seeking relief. Mere failure to prepare a file during discovery is not a reason to reopen discovery or to adjourn a trial.
The adjournment of the trial in this matter was because of the unavailability of defense counsel and not the status of discovery.
Here the defendant will have his ability to defend himself on the merits. He is an expert and will be permitted to testify on his own behalf. He has been deposed, and the plaintiff has had the ability to prepare, based upon his opinions expressed at his own deposition. However, the defendant will not have the benefit of the opinion of Dr. Ratner, whose report was produced after the scheduled trial date and without the permission of the court.
It is presumptuous to decide to reopen discovery on one's own without consent of adverse counsel or the court. The arrogation of such authority to oneself is not consistent with the spirit of our Rules of Court. Counsel should refrain from such conduct in the future.
*929 The plaintiff's motion to bar amendment of interrogatories is granted. The defendant's motion to reopen discovery is denied. The recent submission of the report of Dr. Ratner while this motion was pending was inappropriate. His report is barred and he shall not be a witness at trial.
Judge William Todd is now aware of these circumstances. His recent letter concerning a trial date is withdrawn. The case shall be scheduled for trial in the ordinary course by the court, and will be tried when both counsel are not otherwise in trial in another matter.
An appropriate form of Order has been executed.