**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4770-18T3

JORGE E. CALVACHE and
SHIRLEY M. CALVACHE,

     Plaintiffs-Appellants,

v.

WERNER ENTERPRISES,
INC.,

     Defendant-Respondent,

and

FABIAN M. PEART,

     Defendant.

_____

         Argued telephonically July 14, 2020 –
         Decided July 29, 2020

         Before Judges Sabatino and Susswein.

         On appeal from the Superior Court of New Jersey, Law
         Division, Passaic County, Docket No. L-2579-16.

Glenn Anthony Farrell argued the cause for appellants (Calcagno & Associates, attorneys; Glenn Anthony Farrell, on the briefs).

Jonathan C. Springer argued the cause for respondent (Salmon Ricchezza Singer & Turchi, LLP attorneys; Jeffrey A. Segal and Jonathan C. Springer, on the brief).

PER CURIAM

Plaintiffs Jorge E. Calvache and Shirley M. Calvache, husband and wife, appeal two trial court orders denying their motion to reinstate their complaint in this personal injury case after it was dismissed under Rule 1:13-7(a) for lack of prosecution. Plaintiffs' reinstatement motion was filed almost five years after the subject accident and over two years after the court dismissed their complaint. Applying the deferential standard of review that governs trial court rulings on reinstatement motions, we affirm.

According to their complaint, plaintiffs were involved in a motor vehicle accident on July 16, 2014, when a commercial vehicle driven by defendant Fabian M. Peart struck plaintiffs' vehicle while attempting a lane change.

Plaintiffs were both injured in the collision. They retained a law firm to represent them in this personal injury case. On July 15, 2016, a day before the two-year statute of limitations ran, plaintiffs' law firm filed this civil action in

the Law Division in Passaic County against Peart and his then employer, Werner Enterprises. The complaint also named fictitious defendants.

Because plaintiffs had not made service on either named defendant, the court administratively dismissed the case in February 2016 for lack of prosecution, pursuant to Rule 1:13-7(a). Fifteen months later in May 2018, plaintiffs served Werner Enterprises with the summons and complaint. Plaintiffs have never made service on Peart, apparently because they have not located him.

Plaintiffs took no further action concerning the lawsuit until March 2019, when their counsel moved to reinstate the complaint. According to the supporting certifications, plaintiffs' designated trial attorney and his law firm have been overwhelmed by numerous personal and business problems. Although we need not elaborate on all of those difficulties here, they included the death of counsel's brother, the serious illness of his father, the defection of several attorneys from his law firm, and the office manager's unexpected leave of absence. The certifications do not indicate whether the law firm explored the possibility of referring the case to a different firm while its operations were impaired.

After considering plaintiffs' submission and opposition from Werner Enterprises, the trial court denied the reinstatement motion. The motion judge notated the following reasons in the denial order:

> Application is denied. It is unfortunate that Plaintiffs' counsel had issues with a family member's health but that does not excuse this matter being ignored for over two years. The reasons set forth wh[ile] unfortunate do not constitute exceptional circumstances.

Plaintiffs moved for reconsideration. Again, defendant opposed the belated reinstatement of the complaint. The trial court denied this motion as well, noting the following comments on the denied order:

> Application denied. This is one of many cases where cases were dismissed for failure to provide discovery, failure to prosecute and a myriad of other reasons. The court has reinstated some of the dismissed cases but it is a case by case analysis. I[n] this case applicant has failed to show that the court's decision was based on plainly incorrect reasoning or that the court failed to consider evidence.

We learned at oral argument on the appeal that this order's reference to other "dismissed cases" refers to several other reinstatement motions that had been filed by the law firm in other matters in this vicinage. As noted in the reconsideration denial, the trial court performed a "case by case analysis" of the circumstances in these matters and apparently reinstated some but not all of them.

4

The present appeal ensued.

The applicable legal standards are clear. Rule 1:13-7(a) specifies that in "multi-defendant actions in which at least one defendant has been properly served," an opposed motion to reinstate a case dismissed for lack of prosecution "shall be granted only on a showing of exceptional circumstances." Ibid. A less stringent standard of "good cause" applies only if the motion to reinstate is filed within ninety days of the dismissal. Ibid. Here, plaintiffs' motion to reinstate was filed more than two years after the case was dismissed, long after the ninety-day "good cause" period ended.

We reject plaintiffs' argument that the trial court should have applied a "good cause" standard here because only one defendant has appeared so far in this case. The Rule explicitly adopts the more stringent standard for reinstatement where, as here, the case is a multi-defendant action "in which at least one defendant has been properly served." Ibid. It is inconsequential that the unserved co-defendant, Peart, was apparently an employee or agent of Werner Enterprises. It cannot be presumed that the interests of those co-defendants are synonymous. They are two distinct named parties.

A-4770-18T3

Moreover, the Rule is explicit about how the court must analyze the matter if at least one defendant has been served. Ibid. The "exceptional circumstances" test applies.[1]

Although the death or health emergencies of counsel or counsel's family members may qualify as exceptional circumstances, see O'Donnell v. Ahmed, 363 N.J. Super. 44, 51 (Law Div. 2003), such unfortunate events do not justify indefinite relaxation of compliance with the court rules. In addition, recurring problems with staff generally are insufficient to justify extensions of time. Rodriguez v. Luciano, 277 N.J. Super. 109, 112-13 (App. Div. 1994).

The scope of review is critical to this appeal. We must review the denial of a motion to reinstate a complaint dismissed for lack of prosecution for abuse of discretion. Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011). An abuse of discretion "arises when a decision 'is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571

---

[1] During questioning counsel during oral argument on the appeal, plaintiffs' counsel represented to us that he would be willing to dismiss co-defendant Peart in order to take advantage of the more lenient "good cause" standard for reinstatement. We have pondered that representation and conclude it would be inappropriate to alter the applicable standard on appeal retroactively by revising the pleadings at this late juncture.

A-4770-18T3

(2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)). Guided by that scope of review here, we are unpersuaded the motion judge abused his discretion in denying the motion for reinstatement and the ensuing motion for reconsideration.

The application of the "exceptional circumstances" test must be evaluated on a case-by-case basis. Here, the motion judge had the special opportunity and perspective to evaluate a range of dismissed cases that had been presented for relief by the same law firm. In the judge's assessment, the present case was comparatively too far down the spectrum of those cases to warrant reinstatement. Nearly five years had passed since the subject accident, the allegedly responsible driver had not been found and served, plaintiff's medical status could possibly have changed, and defendant's access to medical records of any previous treatment might not have been assured. The prospects for prejudice in defending this stale case are not purely conjectural.

In sum, although the circumstances of plaintiffs' attorney and his law firm were surely sympathetic, we are unpersuaded the motion judge's assessment was so "wide of the mark" to compel appellate interference. Flagg, 171 N.J. at 568. The decision fell within the zone of discretion. It is not our role to second-guess that determination and impose what we might have done instead.

A-4770-18T3

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4770-18T3