**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0631-20

BARBARA DONATO and
THOMAS DONATO, h/w,

 Plaintiffs-Appellants,

v.

ROSLYN HADFINGER-
KUSHNER, OD,

 Defendant,

and

EYE CARE PHYSICIANS
and SURGEONS OF
NEW JERSEY,

 Defendants-Respondents.

_____

Argued November 8, 2021 – Decided November 22, 2021

Before Judges Fasciale and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-4289-18.

Marc D. Vitale argued the cause for appellants (Brownstein Vitale & Weiss, attorneys; Marc D. Vitale, on the brief).

Mark A. Petraske argued the cause for respondents (Dughi, Hewit & Domalewski, PC, attorneys; Mark A. Petraske, of counsel; Ryan A. Notarangelo, on the brief).

PER CURIAM

In this medical malpractice case, plaintiffs appeal from two October 6, 2020 orders: one denying their motion to extend the discovery end date (DED); the other granting defendant Eye Care Physicians & Surgeons of New Jersey's motion for summary judgment and dismissing the complaint with prejudice.[1] Plaintiffs failed to demonstrate extraordinary circumstances to warrant extending the DED, and did not produce an expert report against defendant. We therefore affirm.

In November 2018, plaintiffs filed their complaint. The plaintiff's primary target was a co-defendant physician, who plaintiffs alleged deviated from accepted standards of ophthalmologic care. As to defendant, who answered the complaint in December 2018, plaintiffs alleged it failed to have policies in place

---

[1] Co-defendant settled prior to dismissal and is not involved in this appeal.

to ensure, protect, and monitor treatment; and that defendant was vicariously liable for co-defendant's negligence.

Even though the parties were given 510 days to complete discovery, plaintiffs focused instead on settling solely with co-defendant. Along those lines, plaintiffs mediated the dispute with co-defendant. Defendant was not a participant in the mediation. Plaintiffs settled with co-defendant on July 16, 2020.

Five days later, not knowing about the settlement, defendant's counsel filed a motion to extend discovery with plaintiffs' consent. Defendant filed the motion because—based on purported representations by plaintiffs' counsel—defendant expected plaintiffs to dismiss the complaint against defendant after they settled with co-defendant. When defendant learned that plaintiffs settled with co-defendant before it filed the motion, defendant withdrew the motion to extend discovery. Defendant then filed a motion for summary judgment because plaintiffs never served an expert report against it. Plaintiffs then filed their motion to extend discovery. On October 6, 2020, the judge denied plaintiffs' motion to extend discovery and granted defendant's motion for summary judgment.

A-0631-20

On appeal, plaintiffs assert the judge erred by denying their motion to extend the DED. In a conclusory fashion, they generally contend that COVID-19 prevented them from conducting any discovery. Even though they had sufficient time to mediate with co-defendant successfully, plaintiffs never propounded discovery against the parties, let alone defendant. Plaintiffs maintain that had the judge extended the DED, they would have had time to serve an expert report, which they argue would have defeated defendant's summary judgment motion.

Here, the DED had been set for May 21, 2020, and the court scheduled the trial for September 14, 2020. The standard for extending the DED after a trial date has been fixed—like here—is well settled. "No extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown." R. 4:24-1(c). This rule "is intended to impose a strict extension policy." Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 4:24-1 (2022). "[E]xtraordinary circumstances generally denote something unusual or remarkable." Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 479 (App. Div. 2012) (citing Rivers v. LSC Partnership, 378 N.J. Super. 68, 78-79 (App. Div. 2005)). Parties must also provide a "precise explanation that details the cause of delay and what

actions were taken during the elapsed time" to prove there are exceptional circumstances to extend discovery. Bender v. Adelson, 187 N.J. 411, 429 (2006) (citing O'Donnell v. Ahmed, 363 N.J. Super. 44, 51 (Law Div. 2003)).

Our review of a judge's discovery ruling is under the abuse of discretion standard. Brugaletta v. Garcia, 234 N.J. 225, 240 (2018); Huszar v. Greate Bay Hotel & Casino, Inc., 375 N.J. Super. 463, 471-72 (App. Div), rev'd on other grounds, 185 N.J. 290 (2005) (applying this standard to a judge's denial of a motion to extend discovery). We "generally defer to a trial [judge's] resolution of a discovery matter, provided its determination is not so wide of the mark or is not 'based on a mistaken understanding of the applicable law.'" State in Int. of A.B., 219 N.J. 542, 554 (2014) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 334, 371 (2011)).

On this record, we conclude the judge committed no error, let alone an abuse of discretion. The conduct of the parties belies the purported reason for failing to seek an extension of the DED. Plaintiffs utilized the discovery period to mediate their claims against co-defendant, not to undertake discovery against defendant. And plaintiffs have provided no reason for waiting until after the setting of a trial date before moving to extend the DED. They have not demonstrated exceptional circumstances.

We review de novo an order granting summary judgment. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We apply the same standard as the motion judge and consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

To prove medical malpractice, "a plaintiff must present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury." Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (quoting Gardner v. Pawliw, 150 N.J. 359, 375 (1997)). We conclude that without expert testimony, plaintiffs "are unable to satisfy their burden of establishing the applicable standard of care and a breach of that standard." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 414 (2014).

To the extent we have not addressed plaintiffs' contentions, we conclude that they are without sufficient merit to warrant attention in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6